The plaintiff sued to recover a down payment she made to the defendant on an oral agreement for the purchase of the defendant's three-family house at 87-89 Blakeman Place, Stratford. The trial court rendered judgment for the plaintiff, and the defendant has appealed.
Basically, the defendant's assignments of error are three: First, the action is predicated on an oral contract which is unenforceable because of the Statute of Frauds; second, the finding is broadly attacked; and third, the conclusions of the court cannot be supported.
We first consider the attack on the finding. The entire finding contains but seventeen paragraphs. The defendant seeks to have ten of these paragraphs eliminated and to add to the finding thirteen full paragraphs. An examination of the proposed changes and additions shows that the defendant is virtually seeking to substitute a nearly complete finding for that made by the court. No grounds whatsoever are assigned for her motion to correct the finding. See Cir. Ct. Rule 7.23; Practice Book § 392 Form No. 561; Maltbie, Conn. App. Proc. § 173. We would be justified in refusing to give it consideration. Siller v. Philip, 107 Conn. 612, 616. However, we have given it a detailed examination. It is to a very large extent the defendant's version of the facts as opposed to the plaintiff's version. We cannot make such changes in the finding. "The *Page 444 
trier is the arbiter of the credibility of witnesses and the weight to be given their testimony." Metz
v. Hvass Construction Co., 144 Conn. 535, 537. "It is the privilege of the trier to adopt whatever testimony he reasonably believes to be credible." Grote
v. A. C. Hine Co., 148 Conn. 283, 287. We cannot say there was no evidence reasonably supporting the findings, and they must stand. Zieky v. Beckerman,112 Conn. 688, 689.
The facts necessary to a decision of the instant case are as follows: Early in October, 1959, in response to the defendant's advertisement in the "Bridgeport Post" in which she listed for sale her three-family house at 87-89 Blakeman Place, Stratford, for $26,500, the plaintiff, who was then seeking income-producing property, called on the defendant, and together they made an inspection of the premises. The defendant was aware of the plaintiff's limited financial condition at their very first meeting and on all subsequent occasions. A few days later, the defendant telephoned the plaintiff to inquire whether she had given the purchase further thought. In the course of this conversation, the parties reached an oral agreement of the essential terms of the bargain, one of which was that the plaintiff's obligation to buy was conditioned on her obtaining a second mortgage, of $7000, on the property. On October 22, the plaintiff offered to make a deposit of $100. The defendant insisted on a deposit of $1000 "and agreed that she would return the deposit if the plaintiff was unable to . . . obtain a second mortgage in the amount of $7,000." On October 23, the plaintiff made the required deposit of $1000 conditioned on her obtaining secondary financing within sixty days; the defendant promised, if the plaintiff was unable to secure the loan within the time limited by the terms of the agreement, to return the deposit. The defendant *Page 445 
then gave the plaintiff a receipt (exhibit A) as follows: "Oct. 23, 1959. Received of Terry Russo one thousand dollars ($1,000.00) deposit on property located at 87-89 Blakeman Place, Stratford, Conn. Subject to assuming mortgage with Mechanics 
Farmers Bank, with 60 days. Purchase Price $26,500. Glenna Christian."
The plaintiff made a number of unsuccessful efforts to procure a commitment for a second mortgage loan of $7000 but "was unable to arrange financing." In January, 1960, she made a demand on the defendant for the return of the deposit, which was refused. The trial court concluded that the plaintiff was entitled to the return of the deposit.
The plaintiff's action is not upon a writing; it is upon an oral promise. She is not seeking the ordinary legal remedies such as a decree for specific performance or a judgment for damages for the breach of a contract based on an integrated document. The plaintiff's real object in bringing this suit was to recover her money. Raymond v. Bailey,98 Conn. 201, 205. The defendant's liability, if any, is a personal one. Worobey v. Sibieth, 136 Conn. 352,358; Fisk's Appeal, 81 Conn. 433, 439. "A contract upon which the legislature says that no action may be maintained cannot be used to defeat a demand otherwise legal and just." Simons v. NewBritain Trust Co., 80 Conn. 263, 267; DiBlasi v.DiBlasi, 114 Conn. 539, 543; 49 Am. Jur. 843, § 541. The defense of the Statute of Frauds (General Statutes § 52-550) cannot successfully be used in this case.
The substantive question involved is the interpretation of the agreement. In Lach v. Cahill,138 Conn. 418, the issue on appeal was the construction, in a contract to sell land, of this proviso: "This agreement is contingent upon buyer being able to *Page 446 
obtain mortgage in the sum of $12,000.00 on the premises." It was held that the buyer's ability to secure a $12,000 mortgage was a condition precedent to his duty to perform his promise to purchase, and that when, despite reasonable efforts to do so, he was unable to obtain a suitable mortgage he was entitled to recover a deposit made under the contract. "In so holding, the court applied the general proposition that whether a provision in a contract is a condition the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract." Note, 81 A.L.R.2d 1338, 1341.
We interpret the agreement which conditioned performance by the plaintiff upon her procuring a second mortgage of $7000 as creating a condition precedent which, through no fault on her part, was not fulfilled, and that the plaintiff was therefore excused from performance. "If the purchaser's duty was conditional on obtaining a loan and none could be obtained, [she] is not guilty of a breach and can recover a down payment." 5 Corbin, Contracts § 1129 (Sup. 1961, p. 80 n.), citing McPherson
v. Warren, 55 So.2d 30 (La.App.), followed inSaltzman v. McCombs, 71 Nev. 93.
The defendant has pursued and pressed upon us the claim that the plaintiff was a purchaser in default and has quoted extensively from Corbin, "The Right of a Defaulting Vendee to the Restitution of Instalments Paid," 40 Yale L.J. 1013. See 5 Corbin, Contracts § 1122. In our view, the plaintiff was not a purchaser in default since, through no fault of hers after reasonable efforts, the condition was not fulfilled. Note, 81 A.L.R.2d 1338; see Aiken, "`Subject to Financing' Clauses in Interim Contracts for Sale of Realty," 43 Marq. L. Rev. 265. *Page 447 
The court's conclusions were fully warranted by the subordinate facts found, and since no corrections in the finding can be made, the conclusions must stand.
 There is no error.
In this opinion KINMONTH and GEORGE, Js., concurred.