STATE OF CONNECTICUT *v.* PLUMMER MCCLAIN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 6-38382

Argued September 25, 1967—decided March 14, 1969

*Thomas N. Wies,* of New Haven, for the appellant (defendant).

*Philip E. Mancini, Jr.,* prosecuting attorney, for the appellee (state).

MACDONALD, J.  To an information charging him with the crime of policy playing in violation of General Statutes § 53-298, the defendant pleaded not guilty and elected trial to the court.  Following trial he was found guilty and has appealed, assigning as error (a) the court's denial of his motion to correct the finding; (b) the court's failure to make adequate inquiry as to whether he had knowingly waived his right to be represented by counsel; and (c) the court's denial of his motions for a continuance to obtain an attorney or to prepare his case pro se, and to obtain witnesses on his behalf.

The record before us shows pertinently the following:  The defendant was originally arrested on February 7, 1966, on a warrant, dated the same day, charging him with the crime of policy playing, and was released on the posting of bond, and has to the present time remained free on bail; on February 28, 1966, he was presented in the Circuit Court in the sixth circuit and advised of his rights.  General Statutes § 54-1b.  Thereafter, various continuances were granted, for the large part at the request of the defendant, to September 7, 1966, on which date

his trial to the court took place, as a result of which he was adjudged guilty of the crime of policy playing. The defendant was at no time herein referred to represented by counsel of record except in connection with the instant appeal.

We direct consideration to the first assignment of error. The defendant, in filing his appeal, failed to request a review of the court's conclusions on the facts and therefore waived his right to a finding. Practice Book § 979. The court, however, made a special finding which the defendant moved to correct, and it is from the denial of this motion that error has been assigned. In his motion to correct, the defendant sought to strike some eight paragraphs of the finding but failed to assert any reasons for the proposed corrections and has therefore not complied with the rules of practice. Practice Book § 981 & Form 819 (B) ; see *Russo* v. *Christian,* 23 Conn. Sup. 442, 443, 1 Conn. Cir. Ct. 303, 304. Further, the defendant has attempted to strike three paragraphs of the finding which are conclusions. This is improper. *Palumbo* v. *George A. Fuller Co.,* 99 Conn. 353, 356; Maltbie, Conn. App. Proc. § 171. The first assignment of error is not properly before us, and we therefore do not consider it further.

The special finding of the court, which may not be disturbed, is summarized as follows:[1] Following his arrest on a warrant charging him with the crime of policy playing in violation of General Statutes § 53-298, the defendant pleaded not guilty and elected a court trial. Prior to September 6, 1966,

[1] The second and third assignments of error involve alleged abuse of discretion by the trial court. Where such an issue is subject to review on appeal, a finding is indispensable. *State* v. *Lyons,* 4 Conn. Cir. Ct. 412, 415. It is reasonable for us to assume that even though no finding was requested, the court filed a special finding for our guidance in appellate review.

the case had been assigned for trial on at least two occasions and the state had been ready for trial every week for some time. On one prior occasion the defendant received a continuance for the purpose of enabling him to retain counsel, and on September 6, 1966, the court assigned the case for trial on September 7, 1966. The defendant was present at the assignment and did not object but asked the prosecuting attorney to have certain witnesses for the defendant at the trial. On September 7, 1966, the case was reached for trial; the state was ready to proceed, and the court was informed by the prosecuting attorney that the defendant's witnesses were present. At this time, the defendant stated to the court that he did not have a lawyer or his witnesses, the reason being given that during the period between arrest and trial (some six months) he did not "know anything about the case." The court directed that the trial proceed. The trial proceeded immediately and was concluded on the same day, with the defendant being adjudged guilty as charged, and sentenced. Conclusions reached by the trial court were (a) that the defendant intended not to engage counsel but intended to use inaction in this respect as an excuse for obtaining repeated continuances, and (b) that by this continued neglect or refusal to engage counsel, the defendant waived his right to be represented by counsel.

Inherently, the second and third assignments of error set forth a claim of alleged abuse of discretion on the part of the trial court with underlying implications that such alleged abuse of discretion infringed on the defendant's constitutional rights. We review the record on the totality of circumstances therein set forth and emphasize that no issue existed throughout the trial stage as to the defendant's indigency. Rather, it is affirmatively indicated that at all stages, inclusive of appeal, the

defendant was able financially to employ counsel of his own choice. Certain it is that the defendant "could not defer his trial indefinitely on the claim that he was going to engage private counsel and, without any credible explanation, fail to take any effective steps to procure private counsel." *Nash* v. *Reincke,* 156 Conn. 339, 343.

The refusal to adjourn the trial under all of the circumstances shown by this record was a matter within the discretion of the trial court and is subject to review on appeal only if there was an abuse of the court's discretion. *Lewis* v. *Havens,* 40 Conn. 363, 370; *Rusch* v. *Cox,* 130 Conn. 26, 32; see *State* v. *Fay,* 2 Conn. Cir. Ct. 369, 370.

In holding, as we do, that the trial court properly exercised its discretionary power, we are not unmindful of the rule that there is a presumption against waiver of constitutional rights. *Carnley* v. *Cochran,* 369 U.S. 506, 514; *Johnson* v. *Zerbst,* 304 U.S. 458, 464; see *State* v. *Simmonds,* 5 Conn. Cir. Ct. 178, 184. The determination of whether there has been an intelligent waiver depends on the facts and circumstances surrounding each case. Such a determination under our practice necessarily lies with the trial court, and it is at this stage of the proceedings that the presumption arises and is applied to a given factual situation. Unless the court's conclusions were unreasonable or violated some settled principle of law, its ruling must stand. An accused has a constitutional right to assistance of counsel,[2] and a correlative right to dispense with a lawyer's help,

[2] Section 53-298 of the General Statutes, as applicable to this case, includes two different prohibitions or offenses. The intent of the legislature was to distinguish between one who keeps, manages or maintains a policy office (a greater offense) and one who plays or frequents a place where policy is played (a lesser offense). The defendant was merely charged with policy playing in violation of § 53-298. The record indicates that the state proceeded on the theory

but the right to counsel is not so absolute that it must be recognized when to do so would disrupt the court's business. *United States* v. *Private Brands, Inc.,* 250 F.2d 554, cert. denied, 355 U.S. 957. The constitutional right to assistance of counsel is a personal right and may be waived, and if the accused is otherwise accorded a fair trial embracing an opportunity to be heard after due notice, he cannot complain of failure to have counsel for his defense. *United States ex rel. Marino* v. *Holton,* 227 F.2d 886, 896, cert. denied, 350 U.S. 1006.

On the record before us the defendant, following his arrest, was presented in court and advised of his rights. His plea of not guilty protected all of his rights. He was granted ample opportunity to retain counsel and prepare his defense. During trial every effort was made by the trial judge to assist him and protect his rights. After being fully warned he chose to take the witness stand and relate in full his testimony with respect to the case. The conclusion of the trial court that the defendant had waived basic constitutional rights cannot, under the totality of circumstances presented by the record before us, be disturbed.

There is no error.

In this opinion DEARINGTON and WISE, Js., concurred.

---

that the defendant kept, managed or maintained a policy office or was concerned therewith (the greater offense, carrying a maximum sentence of one year). In following the rule laid down in such cases as *Arbo* v. *Hegstrom,* 261 F. Sup. 397, 400, and *State* v. *Simmonds,* 5 Conn. Cir. Ct. 178, 183, we assume that this defendant was entitled to private counsel of his own choosing as a matter of fundamental constitutional right.