FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from an order adjudicating her a delinquent and dependent child for failure to obey a court order requiring regular school attendance unless ill.
Appellant first contends that the trial court erred in failing to make a sufficient inquiry to determine whether she knowingly, intelligently, and voluntarily waived her right to counsel.
The court minutes indicate that appellant was advised of her constitutional rights and that she waived counsel. The record, however, contains no circumstances of that waiver. In addition, the transcripts of the adjudicatory and dispositional hearings of November 7,1980 and November 12, 1980, respectively, fail to show that the trial court renewed the offer of assistance of counsel at those stages of the proceedings. In R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981), this court held that a juvenile judge must make certain that any waiver of counsel is intelligently and validly made and that the circumstances of any waiver should be made a part of the record. This court also held that the failure to renew the offer of counsel clearly violated the mandate of Florida Rule of Juvenile Procedure 8.290(d)(5).
Appellant also contends that the trial court erred in questioning her without informing her of her Fifth Amendment privilege against self-incrimination. At the dispositional hearing on November 7, 1980, the judge stated that appellant was charged with contempt for violation of the supervision order. Without informing appellant of her right not to testify, the judge then asked whether she had been going to school. Appellant replied that she had not, thereby incriminating herself. As in R.V.P., the failure to inform appellant of her privilege against self-incrimination precluded an effective waiver of that right.
Appellant further contends that the trial court erred in conducting the disposition hearing without a disposition report.
The record here is unclear as to whether the trial court considered a predis-positional report prior to making a final decision. § 39.09(3)(a) and (b), Fla.Stat. (Supp.1980). At the disposition hearing, the judge did not make specific reference to a predisposition report although he did refer to a police report. The judge also discussed the case and considered the reports of several unidentified persons at the hearings, presumably HRS workers, and appears to have proceeded on his own independent and extrajudicial knowledge of appellant and her family. In addition, appellant’s mother does not appear to have been present at this hearing nor is there any evidence that a copy of the dispositional report, if any, was given to appellant or her parents. This court has held that when written reports are submitted to and considered by the court without an opportunity for their review as provided in Florida Rule of Juvenile Procedure 8.200(b), a denial of due process *402 occurs. R.V.P. See also A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980).
We therefore REVERSE and REMAND for rehearing.
DAUKSCH, C. J., and COBB, J., concur.