427 So.2d 768 (1983)
Warren WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1603.
District Court of Appeal of Florida, Second District.
February 4, 1983.
Rehearing Denied March 9, 1983.
*769 Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant/defendant, Warren Williams, contends that the trial court erred in forcing him to proceed to trial without counsel because he rejected his court-appointed attorney. We agree and reverse for a new trial.
*770 After the defendant was charged with two counts of battery on a law enforcement officer, the public defender's office was appointed to represent him. On the date of trial, the defendant sought to discharge his attorney. The court informed him that unless he could give some acceptable reason why he wanted to discharge his attorney, the case would not be continued and he would be exercising his constitutional right to represent himself.
In response to an inquiry from the court, the following colloquy took place:
MR. WILLIAMS: I  I don't have no confidence in him that he can fight the case for me.
THE COURT: Why do you have no confidence?
MR. WILLIAMS: Well, its a personal thing, and at this time I would not like to speak on the terms.
Without inquiring further of the defendant or the assistant public defender assigned to the case, the court stated that the defendant had not advanced any sufficient reason for continuing the case or justifying the discharge of his attorney. However, the defendant's motion was granted, and the jury was instructed that the defendant would be representing himself.[1] The defendant was subsequently found guilty of both charges.
When a defendant indicates to the trial judge prior to the commencement of the trial that he desires to discharge his court-appointed attorney, the court must make an inquiry of the defendant as to the reasons for his request. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). This inquiry is necessary to protect the defendant's right to counsel and must be sufficient to enable the court to determine if there is reasonable cause to believe that a valid reason for discharge exists. If the court finds that a valid reason exists, it should so state on the record and then appoint a substitute attorney and provide him with adequate time to prepare the defense. If no valid reason appears, or the defendant does not state a reason, the trial court again should so state on the record and then advise the defendant that if he discharges his original counsel, the state is not required to appoint a substitute. If after being so advised, the defendant continues to demand dismissal of his court-appointed attorney, the trial judge may in his discretion, subject to the requirements hereinafter discussed, discharge counsel and require the defendant to proceed to trial without representation. Nelson v. State.
In the case sub judice, the defendant did not present a valid reason for the discharge of his attorney. A person entitled to court-appointed counsel does not have a right to select a specific attorney or have the right to discharge competent and conscientious counsel. Wilder v. State, 156 So.2d 395 (Fla. 1st DCA 1963). Accordingly, the trial court did not err in advising the defendant that if his motion to discharge his attorney was granted, the state would not thereafter be required to appoint a substitute.
However, at this point, the defendant was placed in the position of having to either accept an attorney from the public defender's office or having no one represent him. By refusing to accept the assistant public defender, the defendant in effect was attempting to exercise his right to represent himself. Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). In the absence of unusual circumstances, an accused who is mentally competent and sui juris has the right to represent himself. State v. Cappetta, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). However, self-representation is not an absolute right and need not be allowed *771 when it would jeopardize a fair trial on the issues. Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev'd in part, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969).
Therefore, when a defendant attempts to exercise his right to represent himself either by making an unequivocal demand to do so or, as in this case, by being placed in the position of accepting the assistance of an attorney he does not want or having no attorney, the court has the following obligations:
1. Inform the defendant of the benefits he would relinquish and the dangers and disadvantages of self-representation. Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982).
2. If the defendant still insists on dismissing his court-appointed counsel, the court must determine whether the defendant has made his choice voluntarily and intelligently. Parker v. State.
3. If it is established that the defendant has voluntarily and intelligently waived his right to counsel, the court must then determine whether unusual circumstances exist which would preclude the defendant from exercising his right to represent himself. In this regard the court should determine whether the accused by reason of his age, mental derangement, lack of knowledge, lack of experience, or inexperience in criminal proceedings would be deprived of a fair trial if permitted to conduct his own defense. Robinson v. State, 368 So.2d 674 (Fla. 1st DCA 1979). Additionally, the court should consider the complexity of the charge in order to determine if legal representation is necessary in the interest of justice. Cappetta v. State; Fla.R.Crim.P. 3.111(d)(3).
In the case sub judice, after the defendant refused to accept the services of the attorney who had been appointed to represent him, the trial court failed to adequately comply with the above-mentioned requirements, and accordingly we reverse and remand for a new trial.
BOARDMAN, A.C.J., and SCHEB, J., concur.
NOTES
[1] We note that the trial judge appointed the same attorney as standby counsel. Insofar as the defendant refused to accept his services, he was still, in effect exercising the right to represent himself.