439 So.2d 924 (1983)
John MORGANO, Appellant,
v.
STATE of Florida, Appellee.
No. 82-689.
District Court of Appeal of Florida, Second District.
October 7, 1983.
Rehearing Denied October 31, 1983.
*925 Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
John Morgano, who appeared for his scheduled jury trial without an attorney despite having been found solvent and having been admonished to retain counsel before the scheduled date of trial, appeals an order which adjudicated him guilty of burglary pursuant to the jury's verdict and sentenced him to a ten-year term of imprisonment. We affirm the finding of solvency, but reluctantly reverse the conviction and sentence and remand for a new trial because the court never made a penetrating and comprehensive examination of Morgano so that it could treat his implicit waiver of the right to counsel as a knowing and intelligent one.
Morgano was charged by information with burglary and grand theft. He retained Daniel Levin as his lawyer for the sole purpose of seeking a reduction in bond. After the bond reduction hearing, he consulted with Levin about the possibility of Levin's representing him on the pending charges. He decided not to employ Levin any further after failing to agree with Levin as to available defenses and telling Levin that he would not be able to pay for the extensive discovery which Levin contemplated. He subsequently retained attorney Marvin Kessler. However, he thereafter submitted an affidavit claiming that he was indigent and requesting that the court appoint the public defender to represent him if Kessler did not appear on his behalf. There is nothing in the record to indicate that Kessler ever made an appearance.
A hearing was held in order to determine whether Morgano was indeed insolvent. After testimony was heard, the proceeding concluded with the following conversation between the court and Morgano:
THE COURT: ... The Court will expect the case to go to trial next week and I suggest that if you want to be represented by an attorney, you get one.
Your motion for the Public Defender is denied.
THE DEFENDANT: I have to go to trial without an attorney?

*926 THE COURT: The case will go to trial next week.
I don't know. That's up to you, whether you want to hire one or not.
THE DEFENDANT: Well, I can't.
Eleven days later Morgano appeared for his scheduled jury trial without an attorney. Still contending that he was indigent, he again asked the court to appoint the public defender to represent him. He also objected to being tried without an attorney, informing the court that he was not versed in the law and that he would not defend himself. The court proceeded to hold the trial nonetheless, but it resulted in a mistrial for a reason not important here.
Ten days later another jury trial commenced as scheduled after Morgano had again presented himself without counsel, again requested appointment of the public defender, and again objected to being tried without an attorney. The trial ended with the jury returning a guilty verdict only as to the burglary charge.
On appeal, Morgano argues, inter alia, that the trial court erred 1) by finding him solvent; and 2) by failing to ascertain whether his "implied" waiver of his right to counsel was made knowingly and intelligently.
As to Morgano's first contention, we agree with the state's assertion that the court's finding of solvency was supported by competent, substantial evidence and was made in compliance with section 27.52, Florida Statutes (1981), which outlines the factors to be considered in determining indigency. The police officer who had investigated the charges in question advised the court at the hearing that Morgano had told him that during the preceding year he had netted approximately $250,000 plying the burglary trade. See § 27.52(2)(b)2, Fla. Stat. (1981). He also said that at the time of Morgano's arrest Morgano was renting a condominium for $800 per month. The officer indicated further that the residence contained expensive furniture owned by Morgano. See § 27.52(2)(c)2, Fla. Stat. (1981). Finally, he told the court that just before entering the courtroom to testify he had observed Morgano give his wife two $100 bills to post bond for him on a separate, unrelated charge. Morgano then advised the court that he had applied for representation by the public defender because he had spent all his money to post bond and to pay the retainer fees for Levin and Kessler. However, he conceded that he had posted a bond of $51,000 on the charges in question. See § 27.52(2)(c) 1, Fla. Stat. (1981).
Regarding Morgano's second argument, which he raised by way of supplemental brief, we have been unable to locate any Florida cases like this where a solvent accused who is mentally competent and suijuris appears at trial without counsel despite an earlier admonishment to retain an attorney, is tried without counsel over his objections, is convicted and sentenced, but was never examined before trial in a thorough manner in order to ascertain whether his implicit waiver of the right to counsel was made knowingly and intelligently. However, research shows that there are at least several out-of-state courts which have confronted a factual scenario similar to that here. See Fitzgerald v. State, 254 Ind. 39, 257 N.E.2d 305 (1970); State v. Longo, 132 N.J.L. 515, 41 A.2d 317 (N.J. 1945); Commonwealth v. Wentz, 280 Pa.Super. 427, 421 A.2d 796 (Pa. Super. Ct. 1981); State v. McClain, 6 Conn. Cir. Ct. 58, 264 A.2d 581 (Conn. Cir. Ct. 1969).
The solvent defendant in each of the above mentioned out-of-state cases appeared at trial without an attorney. His presence at trial without counsel was directly attributable in each case to his own inaction. He had had ample opportunity in each case to procure the assistance of counsel before the scheduled date of trial. The trial court in each case found a waiver of the defendant's right to counsel due to his neglect or refusal to retain an attorney. However, there is nothing to indicate in any of the cases that the court ever made "a penetrating and comprehensive examination of all the circumstances" in order to determine whether the waiver was made "with an apprehension of the nature of the charges, the statutory offenses included *927 within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321 (1948).[1] Each defendant basically argued on appeal that the court had forced him to go to trial without an attorney in violation of his right to counsel under the federal constitution and respective state constitution.
Fitzgerald was the only case in which the defendant succeeded on appeal. The Supreme Court of Indiana, which reversed "very reluctantly," noted that courts "ordinarily" will not reward a litigant for his own misconduct. 257 N.E.2d at 311. There, one and one-half years had elapsed between the date of the defendant's arrest and the date the trial commenced. The trial court had made the following efforts to see that the defendant secured counsel for trial: it had placed two telephone calls and mailed four letters to the defendant over a two-month period reminding him of the date of the trial, asking him for his counsel's name, and stressing that his attorney should file an appearance as soon as possible. The defendant had never responded, but, instead, had showed up at the court on the date of the trial without counsel. Notwithstanding the defendant's conduct, the supreme court stated that the right to counsel is "no ordinary right." Id. Recognizing its duty to guard such a fundamental constitutional right, it decided that the defendant had not entered a knowing, intelligent and understanding waiver, given his protests against being tried without an attorney. It was apparently of the view that a defendant can never be tried without an attorney so long as he wants one, no matter how reprehensible the defendant's conduct. Id. 257 N.E.2d at 310.
Fitzgerald contained a pointed dissent, in which it was said that
this defendant can never be tried if he continues not to get counsel to defend himself. He is able financially to employ counsel and contends that he wants an attorney when he is tried. With a situation like that it leaves the control of the case and the trial of the case entirely in the defendant's hands as to when he wants to get counsel and why he does not for any frivolous reason... .
... I think there is a reasonable limitation as to what extent a defendant may trifle with the court. In my opinion, this type of case makes the courts appear ridiculous and the laughing stock of the public.
Id. 257 N.E.2d at 312.
The Fitzgerald dissent's line of thinking is congruous with the thinking of the appellate courts in McClain, Longo, and Wentz.
In McClain, the defendant had told the trial court on the day of the scheduled trial that he did not "know anything about the case," despite having been granted several continuances over a six-month period, one of which he received in order to enable him to retain counsel. The Circuit Court of Connecticut held that the trial court did not abuse its discretion in finding that the defendant had waived his constitutional right to counsel under the totality of the circumstances. It commented that
the right to counsel is not so absolute that it must be recognized when to do so would disrupt the court's business. [Citations omitted.] The constitutional right to assistance of counsel is a personal right and may be waived, and if the accused is otherwise accorded a fair trial embracing an opportunity to be heard after due notice, he cannot complain of failure to *928 have counsel for his defense. [Citations omitted.]
McClain, 264 A.2d at 548.
In Longo, the Supreme Court of New Jersey held that the defendant had not been deprived of his right to counsel given that he had indicated by his conduct nothing but a desire to secure a delay in going to trial. The defendant had told the trial court on the day of the scheduled trial that he intended to get counsel, but had never done so. The court declared that
[t]he constitutional guarantee of the right to representation by counsel does not mean that an accused may avoid trial by neglecting or refusing to secure the assistance of counsel and by refusing to participate in his trial.
Longo, 41 A.2d at 322. With respect to the defendant's actions, it added that
[i]t did not lie within his power to defeat the ends of justice and avoid a trial by simply refraining from exercising what he deemed to be his constitutional rights.
Id. 41 A.2d at 323.
In Wentz, the defendant, who had been admonished by the trial court at his arraignment to retain an attorney after it had informed him that he was not entitled to "free" counsel, had submitted as an excuse for showing up on the day of the scheduled trial without an attorney that, as he was a resident of another county, he did not know any local attorneys. However, he had not indicated whether he had attempted to obtain an attorney or whether he had any plans to do so. The Superior Court of Pennsylvania held that
a criminal defendant who has been duly notified of the date of his trial, and who has been advised to obtain counsel to represent him and who, nevertheless, appears in court on the scheduled date without counsel and with no reasonable excuse for the lack thereof and no concrete plans for the obtaining of counsel has waived his right to counsel.
Wentz, 421 A.2d at 800.
The dissent in Wentz stated that a waiver of the right to counsel may not be found so easily. It stressed that the trial court had not made a penetrating and exhaustive examination of all the circumstances regarding the defendant's understanding of what he was doing. See Von Moltke.
Morgano claims here that he should have been inquired of by the trial court pursuant to the guidelines set forth in Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), in order to determine whether his implicit waiver was a knowing and intelligent one. The state maintains that a Williams inquiry would have been pointless because, unlike the situation in Williams where the insolvent defendant discharged his court-appointed attorney on the date of the trial, thereby attempting in effect to exercise his right to represent himself, Morgano strenuously and repeatedly objected to being tried without an attorney. It thus submits that he did not implicitly waive his right to counsel, but instead "forfeited" that right by failing to retain counsel after being found solvent and being told to employ an attorney for trial.
While there is nothing in Williams to indicate that the defendant objected to being tried without an attorney, as was the case here, we cannot ignore that there, as here, the defendant was tried without an attorney despite never having been apprised of the benefits he would relinquish and of the dangers he would face if tried without an attorney. Also, although the state's argument that Morgano forfeited the right to counsel is understandable and well taken, the aforementioned out-of-state cases label conduct similar to Morgano's as a waiver. More importantly, we fail to see the practical difference between a waiver and forfeiture in that, regardless of what Morgano's conduct may be termed, he proceeded to trial without an attorney.
In our view, as was recognized by the dissent's opinion in Wentz, the pertinent question in this type of situation is whether the implicit waiver, or forfeiture, was a knowing and intelligent one under the circumstances. Before going any further, however, we wish to emphasize that there is much with which we agree in the majority's *929 opinion in Wentz, the dissent's opinion in Fitzgerald, and the respective decisions of the courts in McClain and Longo. In particular, we especially agree with the remark by the court in McClain that "an accused's right to counsel is not so absolute that it must be recognized when to do so would disrupt the court's business." McClain, 264 A.2d 584.
In sum, we believe that when Morgano hinted to the trial court at the end of the hearing on the matter of his solvency that he would not retain an attorney by the scheduled trial date, the court should have warned him that his failure to appear at trial without an attorney would be deemed as an interference with the administration of justice, and that the trial would proceed notwithstanding. At the same time, it should have advised him of the benefits he would lose and the disadvantages he would face if tried without the aid of counsel. If he had thereafter presented himself at trial without an attorney, the court could have then treated his conduct as an interference with the administration of justice, an intelligent waiver of his right to counsel, and proceeded with the trial.
We need not address Morgano's remaining argument on appeal in light of our holding.
Accordingly, we affirm the finding of solvency, but reverse the conviction and sentence and remand for a new trial.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
SCHEB and LEHAN, JJ., concur.
NOTES
[1] State v. Longo, 132 N.J.L. 515, 41 A.2d 317 (N.J. 1945), of course, predated Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). The Supreme Court of New Jersey in Longo was guided by the United States Supreme Court's statement in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, that "the determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466.