RYDER, Judge.
Charles I. Smith appeals the denial, after a nonevidentiary hearing, of his post-conviction motion to vacate an order of probation. We reverse and remand.
The following facts led to Smith’s filing his motion pursuant to Florida Rule of Criminal Procedure 3.850: After being found guilty by the trial court of escape, Smith appeared with privately retained counsel before the lower court for sentencing on April 10, 1981. Apparently, pursuant to an agreement between the parties, the court originally was to impose a $350.00 fine, $150.00 in court costs, payable within six months, and withhold adjudication of guilt. However, defense counsel requested that the total amount be treated as “court costs.”
After a short discussion between the court, the state and Smith’s lawyer, the court withheld adjudication of guilt and treated the total sum as “court costs,” and ordered the amount to be paid within six months. Probation was not imposed. At the end of the hearing, the court informed Smith that he had “a right to appeal the sentence.” A “Memo of Sentence of the Court” noted that the $500.00 was being treated as court costs, adjudication was being withheld, and “no other sent, imposed.” [1]
On October 28, 1981, the trial court ordered Smith to appear on November 23, 1981 and show cause why he had not paid the “court costs.” Subsequently, Smith was arrested and appeared at a hearing without counsel before a different judge on April 21, 1982. The court stated that Smith was arrested “not for not showing up, but for not paying the fine.” (emphasis added). When Smith stated he became unemployed when he was injured on a job shortly after he was released, the court asked Smith if he had taken into consideration that he was “sentenced to a fine?” Towards the end of the hearing, the state attorney suggested that Smith be placed on probation and ordered to pay the $500.00 as a condition of probation. However, the state attorney noted the court would “have to modify the sentence.” Thereafter, the trial court placed Smith on probation for one year with a condition that he pay the $500.00 in installments during that year. From the tone one receives from reading the record, one readily perceives that the state and the court were attempting to work with and accommodate Smith. Ah, but what happened thereafter?
Smith filed the motion giving rise to this appeal and alleged that: (1) the imposition of probation on April 21, 1982, after he had already been ordered on April 10, 1981 to pay $500.00 in “court costs,” violated the prohibition against double jeopardy; (2) the imposition of that probation violated the 60-day modification time limit imposed in Florida Rule of Criminal Procedure 3.800(b); and (3) that he was not represented by counsel at the April 21 proceeding, *378 which is violative of his constitutional rights.
On April 8, 1983, Smith appeared with counsel at a hearing on the motion. However, during that short hearing, the trial court addressed only the first allegation and denied it, adding that Smith was “not sentenced.” The transcript of the proceeding reflects that the court did not provide Smith with an opportunity to present evidence or adequately argue the merits of the first allegation. Furthermore, the court did not even mention the other two allegations or give Smith an opportunity to present evidence as to these assertions or argue their merits. At the end of the hearing, the court denied the entire motion.
Subsequently, appellate counsel filed a timely notice of appeal for Smith and directed that the transcripts of the original April 10, 1981 hearing; the April 23, 1982 sentencing hearing; and the April 8, 1983 post-conviction hearing be included in the record on appeal. The remainder of the trial court’s records with respect to the original case and the post-conviction proceeding were also included in the record on appeal. However, the lower court did not attach any portions of the record as to its denial.
We address Smith's third allegation first because in doing so we are able to more easily dispose of his remaining assertions. As an initial observation, we hold the third allegation to be legally sufficient on its face. Consequently, if the allegation regarding lack of counsel at the April 21, 1982 proceeding is true, Smith would be entitled to post-conviction relief. Williams v. State, 427 So.2d 768, 769 (Fla. 2d DCA 1983); see also Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). However, the court below failed to conduct an evidentiary hearing or attach portions of the record which would conclusively refute the third allegation. In any event, the complete, certified transcript of the April 21 hearing has been provided by appellate counsel, and an examination of that transcript suggests that Smith was not represented by counsel and did not waive counsel at that hearing.
Accordingly/we reverse the denial of Smith’s motion, remand the case to the trial court, and direct the court to conduct an evidentiary hearing and receive argument of counsel as to Smith’s lack of representation contention. See Meeks v. State, 382 So.2d 673, 674 (Fla.1980). At the conclusion of the hearing, the court should rule on the merits of the third allegation and make “findings of fact and conclusions of law” in accordance with Florida Rule of Criminal Procedure 3.850(e). Thereafter, any aggrieved party must appeal the new ruling as it would in a direct appeal case in order to obtain further review. See Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Fla.R.App.P. 9.140(g) (in particular see Committee Note 1977 Revision).
The trial court is also directed to address the first and second allegations during the aforementioned proceeding. First, we also determine that these allegations are legally sufficient on their face. Second, if these assertions are true, Smith might be entitled to post-conviction relief on these grounds as well. See Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Fla.R.Crim.P. 3.800(b). Furthermore, an eviden-tiary hearing as to these allegations has not been conducted, and the record provided us does not conclusively show that Smith is not entitled to any relief sought as to those allegations. Meeks, supra. After the hearing, the court should rule on these assertions in accordance with the provisions of rule 3.850, and any aggrieved party must appeal the ruling in order to obtain further review. Halpin, supra.
REVERSED and REMANDED.
OTT, C.J., and LEHAN, J., concur.

. We need not decide the effect of the April 10, 1981 proceeding in this appeal.