448 So.2d 1124 (1984)
K.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-729.
District Court of Appeal of Florida, Second District.
April 4, 1984.
Jonathan E. Hausburg of Hausburg, Jaensch & Ellis, Sarasota, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
K.M., a juvenile, seeks review of an order denying his motion to withdraw his nolo contendere plea which he entered at the arraignment/adjudication hearing. We reverse.
Appellant was taken into custody in Volusia County and charged in that county by petition, pursuant to section 39.05(1), Florida Statutes (1981), with second degree grand theft in violation of section 812.014(2)(b), Florida Statutes (1981).
On March 9, 1983, K.M., along with his codefendant, appeared without counsel before Volusia County Circuit Court for arraignment and adjudication. The following colloquy occurred:
THE COURT: Case No. 83-557 [K.M.]; 83-558 [R.R.]. Charge is grand theft. Okay, I'm going to advise you boys of your Constitutional rights at this time. You have a right to remain silent and anything you say can be and will be used against you in Court.
You have a right to have a lawyer and to have him present during all stages of these proceedings. If you think you need a lawyer and you can't afford to *1125 hire one, I'll get the public defender to represent you.
Richard, you understand?
A VOICE: Yes, sir.
THE COURT: Kerry?
(If answer given inaudible).
THE COURT: Do you want a lawyer or are you ready to plead to these charges now?
Richard?
A VOICE: I am ready to proceed.
THE COURT: Okay, you are charged with auto theft that on the 24th day of February, 1983, Daytona Beach, Volusia County, Florida, you did unlawfully and knowingly obtain and or use the property of another, to wit, a Chevrolet automobile with intent to deprive Janet Russell of her rights to the property.
To that charge, stealing a car, how do you plead? Richard?
(If answer given inaudible).
THE COURT: Okay.
Where are you boys from?
A VOICE: Manatee County, sir.
THE COURT: Adjudicate delinquent and transfer to Manatee County for disposition.
On March 15, 1983, K.M.'s public defender filed a motion to withdraw the plea, but on March 21, the trial court entered an order denying the motion. Three days later, the trial court entered an order of adjudication of delinquency wherein it found:
[K.M.], having waived his Constitutional Rights, his right to be represented by Counsel herein, and having entered a plea of NOLO CONTENDERE to the above-mentioned charge of grand theft of the SECOND DEGREE in violation of F.S. 812.014, and the Court having accepted said plea of nolo contendere, finds said child to be a delinquent child.
Additionally, in the same order, the trial court waived its jurisdiction and transferred K.M. to the Circuit Court of Manatee County for disposition. On March 29, 1983, the Manatee County Circuit Court committed K.M. to the custody of the Department of Health and Rehabilitative Services for five years because of his previous record.
K.M. raises several points on appeal; however, we need only address the contention that his plea was invalid because he did not voluntarily and intelligently waive his right to counsel.[1] Simply put, an examination of the record leads us to the inescapable conclusion that the trial court did not make a "thorough inquiry" as to whether the waiver, if in fact given,[2] was made voluntarily and intelligently. Fla.R. Juv.P. 8.290(d)(2). G.L.D. v. State, 442 So.2d 401 (Fla. 2d DCA 1983); R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). In G.L.D., we applied the procedural safeguards of Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), to juvenile cases:
When appellant announced his intention to proceed without counsel, the lower court was obligated to (1) inform appellant of the benefits he would relinquish and the danger and disadvantages of representing himself, (2) determine whether appellant's choice was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude appellant from exercising his right to represent himself. (citation omitted).
G.L.D. at 404. Thus, the "inquiry" for a juvenile must be at least equal to that accorded an adult; nevertheless, we have intimated that a trial court should be even more careful when accepting a waiver of counsel from a juvenile. Id.; R.V.P. at *1126 292. In the present case, as in G.L.D., the minimum obligations of Williams were not met.
Accordingly, we REVERSE the trial court's order denying the motion to withdraw the plea, VACATE the orders of adjudication and commitment, and REMAND the case for a new adjudicatory hearing.
BOARDMAN, A.C.J., and SCHEB, J., concur.
NOTES
[1] Although K.M. argues in his brief he is entitled to a new adjudicatory hearing because the record does not reveal the fact he entered a plea, we note that the motion to withdraw the plea acknowledges he had in fact entered a plea. Furthermore, K.M. does not contend on appeal that he did not enter such a plea.
[2] The colloquy does not clearly indicate K.M., as opposed to his codefendant, actually waived his right to counsel. A juvenile's waiver of counsel must be of record. Fla.R.Juv.P. 8.290(d)(4). See C.G.H. v. State, 404 So.2d 400 (Fla. 5th DCA 1981). Because of our holding, however, we need not base our decision on this apparent procedural deficiency.