## MILLER v STATE OF FLORIDA
### Case No. CJAP 88-64 (County Court Case No. MO88-2279)
Ninth Judicial Circuit, Orange County

June 6, 1989

### APPEARANCES OF COUNSEL

**Michael J. Snure,** for appellant.

**Simone I. Rosenberg,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

THOMAS S. KIRK, Circuit Judge.

The Defendant was arrested on February 19, 1988 and charged with Retail Petit Theft. This was the Defendant's first exposure to the criminal justice system. On March 4, 1988, the State filed an Information charging her with one count of Petit Theft. On March 14, 1988, the Defendant appeared at her arraignment and entered a plea of Not

Guilty. A non-jury trial was scheduled for April 15, 1988. On April 15, 1988, the Defendant appeared before the court and requested a first time continuance so that she could be represented by an attorney whom she had spoken with earlier in the day. The State objected to any continuance because its witnesses were present. The Court denied the Defendant's request for a continuance. The Defendant represented herself at the trial and was convicted. The Defendant was adjudicated guilty, placed on six (6) months of supervised probation and ordered to perform one hundred (100) hours of community service and to undergo mental health counseling, if necessary. The Defendant timely appealed alleging the trial court erred in not granting her motion to continue. This Court agrees for the following reasons.

Ordinarily, a trial court's ruling on a motion for continuance is deemed discretionary and is accorded due deference. *Echols v State,* 484 So.2d 568 (Fla. 1985); *McKay v State,* 504 So.2d 1280 (Fla. 1st DCA 1986). However, such deference is not absolute since there are instances where the court's legitimate concern for the effective administration of justice must reasonably bend to accomodate an accused citizen's right to prepare a defense and be represented by counsel. For instance, the denial of a motion for continuance will be reversed when the record demonstrates that adequate preparation of the defense was placed at risk by virtue of the denial. *Smith v State,* 525 So.2d 477 (Fla. 1st DCA 1988). Moreover, as in this case, when the denial of a motion for continuance rests upon an "implied" waiver of the accused's right to counsel, the court commits reversible error if it fails to ascertain whether the waiver was made knowingly and intelligently. *Morgano v State,* 439 So.2d 924 (Fla. 2d DCA 1983). In this case, the Defendant's fundamental right to due process of law and to the assistance of counsel afforded pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 9 and 16 of the Florida Constitution were violated when the denial of her *first* request for continuance forced her to go to trial on a criminal charge without the aid of counsel. The court further erred in treating the Defendant's failure to procure counsel as an implicit waiver of her right to counsel without conducting an appropriate record inquiry to determine if the waiver was knowing and intelligent as required by *Morgano.*

The right of an accused to counsel and to due process of law are so fundamental that forcing a criminal trial on an unrepresented citizen is an unreasonable "first option" unless it is patently clear that the accused is intentionally engaging in obstructionist behavior and said behavior is accompanied by a clear understanding of the benefits lost and the disadvantages faced by proceeding to trial without counsel.

In the case at hand, perhaps a more appropriate sanction would have been to require the defendant to reimburse the state for issued witness subpoenas and mileage checks or such other similar relief including the exercise of the trial court's contempt powers.

Accordingly, the defendant's conviction is REVERSED and this case is REMANDED to the trial court for a new trial.

DONE and ORDERED this 6th day of June, 1989, at Orlando, Orange County, Florida.