[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings suit for collection of a debt due on a contract by which it provided printing material to SMBC Co., Inc. When that company experienced serious financial problems, the defendant, its president, orally agreed to pay personally to CT Page 5396 the plaintiff his company's outstanding bill of $3,152.15. On the strength of the agreement the plaintiff refrained from bringing suit against SMBC. That company eventually went out of business and was no longer in existence when this action was instituted against the defendant who, despite demand, had refused to honor his promise. A second count of the complaint seeks recovery of the debt on the theory of estoppel. Multiplastics, Inc. v. ArchIndustries, Inc., 166 Conn. 280, 286 (1974).
On February 3, 1995, the defendant was defaulted by virtue of his failure to plead. His motion to set aside the default was argued and denied by the court (Silbert, J.) on April 6. That motion, which was filed on March 20, was accompanied by a proposed answer and special defense. The special defense on which the defendant sought to rely is the statute of frauds (Sec. 52-550
(a)(2), Conn. Gen. Stat.), his argument being that his oral commitment constitutes "a special promise to answer for the debt, default or miscarriage of another" and, hence, is unenforceable.E. Paul Kovacs Co. v. Blumgarten, 150 Conn. 8, 11 (1962).
On April 11 the matter was assigned for a hearing in damages, at which both sides appeared and were heard. The plaintiff's position is that the defendant's failure to file a notice of defense prohibits his raising a liability defense at the hearing in damages. The defendant counters that his answer and special defense afforded the plaintiff actual notice of the defense being offered, and, even if it did not, reliance on the statute of frauds, liability aside, is a permissible means to reduce damages.
Sec. 367 of the Practice Book provides, in pertinent part, as follows:
 "In any hearing in damages upon default suffered, . . . the defendant shall not be permitted to offer evidence to contradict any allegation in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, . . . nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to prove such matter of defense."
"A default admits the material facts that constitute a cause of action; (citation omitted); and `entry of default, when appropriately made, conclusively determines the liability of a CT Page 5397 defendant. Ratner v. Willametz, 9 Conn. App. 565, 579,520 A.2d 621 (1987)'" Skyler Limited Partnership v. S.P. Douthett Co.,18 Conn. App. 245, 253 (1989).
"The effect of the statute [of frauds] is to create a defense
to an action on on an oral contract." Bishop v. Bordonaro,20 Conn. App. 58, 66 (1989). While it is a "defense" which does not require special pleading; E. Paul Kovacs Co. v. Blumgarten,
supra; such fact and reliance thereon does not excuse compliance with notice requirements. It is undisputed that the defendant did not give notice of such defense in the manner and form which the Practice Book (Sec. 367, et seq.) requires, and, whatever the form, the purported notice fails to comply with the time constraints imposed (Sec. 368). Liability is not at issue, and the defendant has no valid claim to the contrary.
As Sec. 367 indicates, a plaintiff, notwithstanding a defendant's default, must still prove "how much of the judgment prayed for in the complaint he is entitled to receive." DeBlasiov. Aetna Life Casualty Co., 186 Conn. 398, 401 (1982). In summary, then, "[u]nless the defendant gives the plaintiff written notice of his defenses within ten days after receiving notice from the clerk that a default has entered, the defendant is foreclosed from contesting liability"; Wooding v.Zasciurinskas, 14 Conn. App. 164, 167-68 (1988); but is not foreclosed from disputing the amount of damages. P.B., Sec. 374;Marcus v. DuPerry, 25 Conn. App. 293, 296 (1991).
The statute of frauds does not, without more, render invalid contracts within its purview that are not reduced to writing.Kilday v. Shancupp, 91 Conn. 29, 32 (1916). Rather, "[t]he function of the statute is evidentiary, to prevent enforcement through fraud or perjury of contracts never in fact made." Lynchv. Davis, 181 Conn. 434, 440-41 (1980). It should not be used as a shield "to defeat a demand otherwise legal and just." Simons v.New Britain Trust Co., 80 Conn. 263, 267 (1907); Russo v.Christian, 23 Conn. Sup. 442, 445 (1962).
It is the finding of the court that the defendant did in fact agree to pay to the plaintiff the stated amount. In consideration thereof the plaintiff promised to forbear suit against the defendant's company, and such promise was kept, to the plaintiff's apparent detriment. The evidence supports the existence of a contractual relationship and the causes of action which the complaint sets forth. Further, the court finds that the CT Page 5398 damages claimed resulted entirely therefrom. Cf. Went v. Schmidt,117 Conn. 257, 258-59 (1933).
Accordingly, judgment may enter in favor of the plaintiff to recover of the defendant $3,152.15 damages plus costs.
Gaffney, J.