McCAIN, Justice.
On February 5, 1971, petitioner filed a petition for habeas corpus in this Court alleging, among other things, that his right of direct appeal had been thwarted by state action, ánd seeking, under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), delayed appellate review.
Specifically, petitioner alleged, “that he was not advised by the Court of his right to appeal the judgment and sentence, and further alleges that it’s a judge’s duty to inform defendant.” Petitioner further alleged that he was not advised of his right to appeal the denials of his two Criminal Rule 1.8S0, 33 F.S.A. petitions, but stated with regard to the second denial, entered some six months after entry of judgment and sentence, “However, by this time, Petitioner, after reading in the Prison Law Library was aware that this was one of his-rights (to appeal a denial).” The infer *868 ence is that petitioner did not discover the existence of this state’s appellate machinery until well beyond the time permitted for direct appeal.
In the State’s return, wherein this matter was touched upon only by way of a general denial, the transcript of the proceedings revealed without contradiction that at no time was petitioner informed by the trial court that he had a right to appeal the judgment and sentence entered against him.
Clearly, petitioner is correct in his assertion that a judge has a duty in Florida to advise a defendant of his right to appeal a judgment and sentence. This duty is set out explicitly in Criminal Rule 1.670. However, it is unnecessary at this juncture to determine whether this duty gives rise to an absolute right to such advice [as Baker v. State, 224 So.2d 331 (Fla.App. 1st 1969) implies] or whether lack of knowledge of our appellate processes must be shown to entitle a defendant to relief [as the Second District Court held in Nichols v. Wainwright, 243 So.2d 430 (Fla.App. 2nd 1971)]. Under the facts before us, it would appear that petitioner has made out a prima facie case for relief under either theory.
Therefore, in accord with the policy we announced in Baggett v. Wainwright, supra, we hereby transfer this cause to the Second District Court of Appeal to permit it to make inquiry into these matters and grant such relief as it may deem appropriate, including the appointment of a commissioner to make further findings of fact.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.