McCORD, Judge.
By his petition for writ of habeas corpus, petitioner seeks a belated appeal pursuant to Baggett v. Wainwright, Fla., 229 So.2d 239 (1969). Petitioner was tried by jury on a charge of first degree murder and was found guilty with a recommendation of mercy on June 2, 1962. He was subsequently sentenced to life imprisonment on June 18, 1962. The basis for the petition for writ of habeas corpus is contained in the following quotation therefrom:
“Prior to the Petitioner’s trial, the Petitioner, because of his insolvency, was unable to retain Counsel and Counsel was retained by the Petitioner’s relatives. An Order declaring the Petitioner insolvent was entered by the trial Court for the purpose of obtaining legal process to obtain witnesses for the defense and other legal processes of the Court. At the conclusion of said trial, neither the trial Judge or defense Counsel properly advised the Petitioner, who was insolvent; of his constitutional right to a direct appeal from the judgment of conviction which was entered against him. Nor did said Judge or Counsel properly advise the Petitioner (who was an indigent) that if he (Petitioner) desired to take an appeal from said judgment of conviction, that a copy of the trial transcript would be furnished to him at the cost of the County of Duval, and that, appropriate Counsel would be appointed to file and prosecute such appeal.”
It should be noted from the foregoing quotation that petitioner has not stated that he was not advised by either the trial judge or his defense counsel of his right to appeal but states that he was not “properly” advised of such right. We issued rule nisi and respondent has filed his return and attached thereto an affidavit of the privately employed attorney, Zach Douglas, Esquire, who represented him in the trial court. The affidavit states in part as follows:
“Your affiant did advise Dewitt Addison of his right to appeal as was his custom and practice so to do in all criminal cases. Your affiant further says that the said Dewitt Addison was very happy and pleased at having escaped the electric chair and rejected the idea of taking an appeal.”
It appears that there may possibly be some conflict between petitioner’s statement and that of his attorney but we cannot say positively that there is conflict. The attorney does not equivocate but states positively in his affidavit that he did advise petitioner of his right to appeal. Petitioner, on the other hand, did not make an unequivocal statement but said that he was not properly advised. But regardless of whether or not a factual issue is presented on this point, we do not deem it necessary to resolve such issue. The petitioner was represented *605 by private counsel, and it is only when a defendant’s right to appeal is frustrated by state action that he is entitled to a belated appeal under Baggett, supra.
As to petitioner’s additional contention that the trial judge did not “properly” advise him of his right to appeal, a defendant’s right to be informed by the trial judge of his right to appeal is derived front former Rule 1.670, F.R.Cr.P. (present Rule 3.670, F.R.Cr.P.). See Baker v. State, Fla.App. (1st), 224 So.2d 331 (1969), and Robinson v. Wainwright, Fla., 245 So.2d 867 (1971). This rule did not become effective until more than five years following petitioner’s conviction and sentence. At the time of the conviction and sentence, petitioner had no such right. The right is not constitutional but came into being upon adoption of the aforesaid rule.
Rule nisi is discharged and the petition for writ of habeas corpus is dismissed.
RAWLS, Acting C. J., and MILLS, J., concur.