485 So.2d 1346 (1986)
James Joseph MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1046.
District Court of Appeal of Florida, Fifth District.
March 27, 1986.
*1347 John C. MacConnell, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
In this case the defendant, Miller, who was determined by the trial court to be solvent, asked for appointed counsel and it was denied. Subsequently, prior to trial, Miller stated to the court that he had decided to defend himself on the charge (aggravated battery). The trial court immediately agreed to this proposal without a Faretta[1] inquiry and scheduled the case for trial. Miller was convicted and now appeals, contending the trial court erred in allowing pro se representation without a sufficient inquiry and warning to sustain the waiver of counsel.
In the Faretta case, the United States Supreme Court held that the right of self-representation is constitutionally guaranteed, and reversed the conviction of a defendant who had been forced to accept a state-appointed public defender against his will. While recognizing the right of self-representation, the court also acknowledged that "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." 95 S.Ct. at 2540. The court went on to state:
When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forego those relinquished benefits. Johnson v. Zerbst, 304 U.S. 458 at 464-465, 58 S.Ct. [1019] at 1023 [82 L.Ed. 1461 (1938)]. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724, 68 S.Ct. 316, 323, 92 L.Ed. 309 [1948] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Adams v. United States ex rel McCann, 317 U.S. 269 at 279, 63 S.Ct. [236] at 242 [87 L.Ed. 268 (1942)].
95 S.Ct. at 2541.
Subsequent decisions from Florida courts have held that in order to ensure that the decision by a defendant to represent himself is "knowingly and intelligently" made, the trial court must make an inquiry on the record to demonstrate the defendant's understanding and appreciation of the seriousness of the charges and his capacity for self-representation. See, e.g., Schafer v. State, 459 So.2d 1138 (Fla. 5th DCA 1984); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). These requirements have been embodied in the Florida Rules of Criminal Procedure. Florida *1348 Rule of Criminal Procedure 3.111(d) provides, in pertinent part:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
It appears that the language used in Faretta and the quoted rule draw no distinction between solvent and insolvent defendants. That interpretation is supported by Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983). In that case, a defendant's motion to have a public defender appointed for him was denied on the ground that the defendant was solvent. When the defendant asked if he would have to go to trial without an attorney, the trial court responded, "The case will go to trial next week. I don't know. That's up to you, whether you want to hire one or not." The defendant then replied, "Well, I can't." The defendant subsequently proceeded to trial without counsel and was convicted. The Second District held that the trial court's finding of solvency was supported by the record, but further held that the trial court erred in allowing the defendant to represent himself without first making an appropriate Faretta inquiry.[2] The Second District apparently recognized the trial court's limited options, but stated:
In sum, we believe that when Morgano hinted to the trial court at the end of the hearing on the matter of his solvency that he would not retain an attorney by the scheduled trial date, the court should have warned him that his failure to appear at trial without an attorney would be deemed as an interference with the administration of justice, and that the trial would proceed notwithstanding. At the same time, it should have advised him of the benefits he would lose and the disadvantages he would face if tried without the aid of counsel. (Emphasis added.) If he had thereafter presented himself at trial without an attorney, the court could have then treated his conduct as an interference with the administration of justice, and intelligent waiver of his right to counsel, and proceeded with the trial. (Emphasis in the original.)
439 So.2d at 929.
The Second District's suggestion that the trial court warn the defendant that his failure to appear at trial with an attorney would be deemed an interference with the administration of justice was based on several out-of-state cases. In each of these cases a solvent defendant had repeatedly told the trial court that he would procure counsel before the scheduled date of trial but, due to his own neglect or refusal to retain an attorney, the defendant appeared at trial without counsel.
The question, however, remains: What could the trial court in the instant case have done if appellant had failed the Faretta inquiry (i.e., if appellant had proven to be incompetent to represent himself)? The state argues in its brief that "the trial court could not force appellant to obtain counsel or proceed with counsel to which appellant was not entitled." A contrary conclusion was reached in Fitzgerald v. State, 254 Ind. 39, 257 N.E.2d 305 (1970), cited in Morgano, wherein a trial court was faced with a solvent defendant who desired counsel but contended that he could not obtain one.
The Fitzgerald court held that the trial court should have appointed an attorney to handle the defendant's defense, conditioned on payment of legal fees by the defendant.[3] The court in Fitzgerald went *1349 on to state that an alternative remedy would be to grant the defendant a further continuance to renew his efforts in securing a lawyer, such efforts to be inspired by the clear warning by the trial court that failure to secure such counsel would be deemed an interference with the administration of justice. We adopt the view that a solvent defendant who fails a Faretta inquiry must be appointed counsel, irrespective of his express disagreement, and is liable for that counsel's compensation even upon an acquittal. We believe this view represents the only reasonable alternative under such circumstances. If a trial court did not appoint an attorney, an equal protection argument would be available to a solvent defendant who failed a Faretta inquiry.
We note the state's argument that Miller did an adequate job of defending himself at trial and, therefore, this case should be affirmed on the ground of harmless error. However, the United States Supreme Court has recently indicated that cases involving the right of self-representation are not "amenable to `harmless error' analysis." McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 951, n. 8, 79 L.Ed.2d 122 (1984). The assistance of counsel is of obvious benefit to one accused of a crime, and its denial is properly presumed to be harmful and prejudicial. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799 (1963).
We therefore reverse and remand for a new trial. In the event the defendant again contends he is indigent and seeks appointed counsel, we commend the trial court's attention to the case of Siplen v. State, 473 So.2d 793 (Fla. 5th DCA 1985), which discusses the relevant factors under section 27.52, Florida Statutes (1983), required to be considered in a determination of indigency.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] Actually, the Second District never referred to Faretta itself, but rather referred to Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), a decision relied upon by the court in Faretta.
[3] As we read Fitzgerald, the defendant would be liable for such fees irrespective of the outcome of the trial.