516 So.2d 968 (1987)
BREVARD COUNTY BOARD OF COUNTY COMMISSIONERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 87-1381.
District Court of Appeal of Florida, Fifth District.
October 20, 1987.
Rehearing Denied December 3, 1987.
William E. Curphey, Co. Atty., Michael Driscoll and Daniel L. McDermott, Asst. Co. Attys., Merritt Island, for petitioner.
Robert A. Butterworth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., Tallahassee, for respondent.
ORFINGER, Judge.
The Board of County Commissioners of Brevard County petitions this court for writ of certiorari to review an order which appoints private counsel for a solvent criminal defendant who refuses to retain counsel, and which further requires the County to pay the attorney's fee which shall not exceed $35,000 without further order of the court. The order also provides that the County will be subrogated to the rights of the attorney to collect said fee and any approved costs from the defendant. For the reasons which follow we grant the writ and quash the order.
In the order appointing counsel for defendant William Bryan Cruse, Jr., the trial court noted that the defendant is charged with six counts of first degree murder, 28 counts of attempted first degree murder and two counts of kidnapping. The trial court further noted:
3. That the defendant has advised the Court that he is not competent to conduct his own defense and the Court, having previously conducted a hearing pursuant to Faretta v California [422 U.S. 806], 95 S.Ct. 2525 [45 L.Ed.2d 562], has previously determined that the defendant is not competent to conduct his own defense.
A transcript of the Faretta hearing is not included in the appendix filed with the petition. However, the record does include a transcript of a subsequent hearing on July 31, 1987 on the motion of appointed counsel requesting research assistance and the appointment of a psychiatric expert, all at the County's expense. At that hearing, held only 15 days after the court found that the defendant was not competent to conduct his own defense, the court stated:
Now, in regard to the appointment of experts, I appointed Mr. Cruse an attorney because my research indicated to me *969 that, constitutionally, I was required to do so in this unique situation. And that would be so that Mr. Cruse would have an attorney to advise him, and he would have the advantage of that legal knowledge which the Court found he did not possess individually. However, at the same time, the Court has previously found Mr. Cruse not to be indigent, and, additionally, I think this is the fourth occasion I have had to observe him, three of those occasions I have had a chance to talk with him, the Court finds that he is rational and logical and capable and conscious of making his own decisions. It seems to me, Mr. Green, if you advised him that you need expert assistance, it's then up to him to decide whether or not he wants to employ that assistance. [Emphasis added].
We discern a clear conflict between the court's finding that the defendant is competent to decide whether to employ experts, and the earlier finding that he is not competent to refuse to retain counsel and thus to represent himself. If the trial court correctly determined that the defendant is "rational and logical and capable and conscious of making his own decisions," then it incorrectly determined that the defendant could not meet the Faretta standard for self-representation. This conflict must be resolved.
We perceive from the record before us that the trial court found the defendant incompetent to conduct his own defense because of a lack of legal knowledge, and if so, the court has clearly applied the wrong standard in making its determination. The United States Supreme Court, in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that a defendant's technical legal knowledge is not relevant to an assessment of his ability to represent himself. Rather, the defendant must knowingly and intelligently forego the benefits of counsel, and to that end it is necessary that he be made aware of the dangers and disadvantages of self-representation so that the record will demonstrate that "he knows what he is doing and his choice is made with his eyes open." 422 U.S. at 836, 95 S.Ct. at 2541. This is established where the record substantiates that the defendant is literate, competent and understanding, and is exercising his informed free will in rejecting counsel.
In affirming a conviction and death sentence for first degree murder in Muhammad v. State, 494 So.2d 969 (Fla. 1986), the Florida supreme court discussed the Faretta requirements. There, it was argued that while a defendant might be competent to make the decision to waive counsel, he might still not be sufficiently competent to proceed on the consequences of that waiver, i.e., conduct his own defense. In rejecting that argument, the court said:
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court found that the defendant should have been allowed to waive counsel because "[t]he record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will." 422 U.S. at 835, 95 S.Ct. at 2541. This is the appropriate standard to apply in the instant case, Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984), and the record supports Muhammad's waiver.
* * * * * *
The Faretta standard does not require a determination that a defendant meet some special competency requirement as to his ability to represent himself. The Faretta Court noted that the question of whether the defendant had sufficient technical legal skills to represent himself was irrelevant to waiver of counsel. If one may be intellectually incompetent in legal skills yet waive counsel, then no standard of mental competence beyond competence to stand trial is required. Mental competency in the context of Faretta only relates to the ability to waive the right of counsel. Competency may be, however, only one of several factors to be considered when a defendant waives a right, as in the case of waiver of counsel  Faretta requires that the court find that the defendant is not only *970 competent, but also "literate ... and understanding, and that he [is] voluntarily exercising his informed free will." 422 U.S. at 835, 95 S.Ct. at 2541. The requirements of literacy and understanding appear to be the factors suggested in Massey [v. Moore], which in combination with competency constitute "capacity to stand trial without benefit of counsel." 348 U.S. 105 at 105, 75 S.Ct. [145] at 145 [99 L.Ed. 135 (1954)]. Inherent in appellant's argument is the assumption that the level of competency necessary to waive counsel is greater than the level required to simply stand trial. Competency to waive counsel is at the very least the same as competency to stand trial. Faretta.

494 So.2d at 974, 975. The trial court's finding that Cruse is capable of making his own decisions regarding the hiring of experts to assist in his defense and yet is incapable of rejecting counsel is in clear conflict with these holdings.
Furthermore, the fact that this is a death penalty case cannot be a basis for finding the defendant incompetent to reject counsel, since the Florida Supreme Court has affirmed the death penalty in numerous capital cases where the defendant has represented himself. See, e.g., Diaz v. State, 513 So.2d 1045 (Fla. 1987); Muhammad, supra; Johnston v. State, 497 So.2d 863 (Fla. 1986); Jones v. State, 449 So.2d 253 (Fla. 1984).
Because it is clear that the trial court applied the incorrect standard in finding the defendant incompetent to represent himself, the order appointing counsel and directing the county to pay the attorney's fees must be quashed. On remand, the trial court's attention is directed to the tests set forth in Faretta and Muhammad. If the defendant is found to be competent, literate and understanding, then he should be advised of the benefits he will lose and the disadvantages he will suffer should he fail to retain counsel, and that if he knowingly and intelligently rejects his right to retain counsel his trial will proceed notwithstanding. See Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983). On the other hand, if, after applying the correct test, the trial court again finds defendant incompetent to understand the benefits and advantages of counsel and incapable of making an intelligent choice, then that finding of incompetence will be tantamount to a finding that defendant is incompetent to stand trial. Muhammad, supra. What we said in Miller v. State, 485 So.2d 1346 (Fla. 5th DCA 1986) to the effect that the court was required to appoint counsel for a solvent defendant who failed a Faretta inquiry was gratis dictum, because in Miller, no Faretta inquiry had been made, and reversal was mandated because of the absence of such inquiry.
In conclusion, the petition for writ of certiorari is granted and the order is quashed. The defendant's competency to implicitly waive counsel and represent himself should be redetermined in light of Faretta and Muhammad. Because defendant is solvent, if he is found to be competent, he must either retain counsel or represent himself. If he is found to be incompetent, he should not stand trial until his competency is restored.
WRIT OF CERTIORARI ISSUED.
DAUKSCH and COBB, JJ., concur.