DAUKSCH, Judge.
This is an appeal from an order finding appellant guilty of contempt. We agree with appellant that the order must be reversed because the trial court did not conduct an adequate inquiry into appellant’s waiver of his right to counsel at the proceeding below. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
On February 5, 1992, Vickie Clark filed a petition pursuant to section 784.046, Florida Statutes (1991) against appellant and a temporary injunction was served on him. After a hearing, the trial court entered an order continuing the injunction for one year. The injunction enjoins appellant from assaulting Vickie Clark or her immediate family and orders that he have no communications or contact with her. On March 10, 1992, the trial court issued an order to show cause why appellant should not be held in indirect criminal contempt pursuant to Florida Rule of Criminal Procedure 3.840 and a hearing took place on March 20, 1992.
Shortly after the beginning of the hearing, after Mrs. Clark had testified, the trial court stated to appellant:
THE COURT: Now., Mr. Stermer, based on that, do you have any questions of Mrs. Clark, based on what she said just then? You’re limited to two things. A, you have to ask question; and, B, you have to restrict it to what she asked about.
And by the way, for the record, Mr. Stermer, I note that you’re here without an attorney.
DEFENDANT: I can’t afford an attorney.
THE COURT: But I’m also aware that you own a house, is that correct? DEFENDANT: No sir. I don’t own the home, Sun [Bjank owns it. It’s in trust. THE COURT: Okay. But you are the recipient of a trust.
DEFENDANT: Yes, sir.
THE COURT: What is the amount of the trust fund?
DEFENDANT: Right now it’s being depleted and—
THE COURT: Well, what is the amount you receive in trust funds? DEFENDANT: $562 a month. It’s the only-—
THE COURT: But the trust provides a house plus $562 a month? DEFENDANT: 562. The trust, by the way, is only valued at $60,000 right now, and it’s in four other people’s names.
It’s in my sister’s name, my niece’s name, and my brother-in-law’s name. THE COURT: But you pull off of that— you are provided out of that trust a home plus $562 a month?
DEFENDANT: That’s all, 562 plus I’m supporting two people on that 562.
THE COURT: All right; go ahead.
This colloquy is the only mention in the record of appellant’s representation. However, throughout the hearing, appellant was continually corrected by the trial court as to the nature and scope of cross-examination and urged not to make speeches. Besides Mrs. Clark, the trial court heard testimony from Mrs. Clark’s husband Donald Clark, appellant, and Barbara Baker, appellant’s fiance. At the end of the hearing the trial court found that “by the overwhelming extent of the evidence and the credibility of the witnesses” appellant intentionally and willfully violated the court’s injunction and sentenced him to 179 days in county jail. Appellant stated to the trial court he had a medical problem and argued “I didn’t know I was going to go to jail over this, sir.”
*82 Under Faretta, in order to ensure that the decision by a defendant to waive his right to counsel and represent himself is “knowingly and intelligently” made, the trial court must make an inquiry on the record to demonstrate the defendant’s understanding and appreciation of the seriousness of the charges and his capacity for self-representation. Miller v. State, 485 So.2d 1346, 1347 (Fla. 5th DCA 1986). As recently amended by the supreme court, Florida Rule of Criminal Procedure 3.111(d) provides in pertinent part:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into both the accused’s comprehension of that offer and the accused’s capacity to make an intelligent and understanding waiver.
(3) No waiver shall be accepted if it appears that the defendant is unable to make an intelligent and understanding choice because of a mental condition, age, education, experience, the nature or complexity of the case, or other factors.
The brief inquiry by the trial court here can by no means be characterized as a “thorough inquiry.” The trial court did not examine appellant as to his background and experience, his ability to defend himself against the charges, or his mental condition. Cooper v. State, 576 So.2d 1379, 1380 (Fla. 2d DCA 1991); Miller, 485 So.2d at 1347. The trial court did not apprise the appellant as to the “dangers and disadvantages of self-representation.” Chestnut v. State, 578 So.2d 27, 28 (Fla. 5th DCA 1991); Cooper, 576 So.2d at 1380.
The trial court here apparently concluded that because appellant was solvent, there was no need for any further inquiry into appellant’s waiver of his right to counsel. However, in Miller, this court held that a solvent defendant who fails to establish his competency to represent himself must have appointed counsel. “The assistance of counsel is of obvious benefit to one accused of a crime, and its denial is properly presumed to be harmful and prejudicial.” Miller, 485 So.2d at 1349, citing to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). We are moved to state further that the record before us does not support a conclusion that this appellant was able to hire counsel at the time of the hearing. However, appellant has not made that implicit finding an issue on appeal.
There is no question appellant was entitled to the benefit of counsel in this proceeding. In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that “absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, a misdemeanor, or a felony, unless he was represented by counsel at his trial.” 407 U.S. at 37, 92 S.Ct. at 2012. The court later explained in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979):
[w]e believe that the central premise of Argersinger—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.
440 U.S. at 373, 99 S.Ct. at 1162. See also, e.g., Hayes v. State, 592 So.2d 327 (Fla. 4th DCA 1992). Florida Rule of Criminal Procedure 3.840(a)(4) indeed provides in pertinent part that a defendant in an indirect criminal contempt proceeding is entitled to be represented by counsel, to have compulsory process for the attendance of witnesses, and may testify in his own defense.
Because the trial court’s inquiry into whether appellant knowingly and intelligently waived his right to counsel was inadequate, we reverse the order of contempt.
REVERSED.
COWART and HARRIS, JJ., concur.