633 So.2d 486 (1994)
Edward Carol HADDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-4089.
District Court of Appeal of Florida, First District.
March 1, 1994.
Michael A. Reichman, Monticello, for appellant.
Robert A. Butterworth, Atty. Gen.; Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, Edward Carol Hadden, challenges his conviction for the second degree felony of shooting into an occupied vehicle. Specifically, the appellant asserts error in the trial court's failure to obtain a knowing and intelligent waiver of the right to counsel prior to permitting appellant to represent himself at trial. We must reverse the conviction, as we conclude that the trial court failed to make all the necessary inquiries to establish a knowing and intelligent waiver.
The appellant appeared without counsel at his arraignment, prompting the trial court to inquire as to appellant's solvency. Upon determining that appellant was solvent and did not qualify for a public defender, the trial court warned that appellant should immediately contact a lawyer, because conviction could result in as much as 15 years in prison, and proceeding without counsel would "not be in your best interest." When his jury trial commenced, appellant again appeared without counsel. In the course of voir dire, appellant offered the following explanation after inquiring whether prospective jurors would disapprove of his self-representation: "I don't feel like an innocent person ... should have to pay a lawyer $135 an hour to represent them on false charges." The trial proceeded, appellant was convicted as charged, and was subsequently sentenced to one year on community control to be followed by four years on probation.
To be valid, a waiver of a defendant's right to counsel must be knowing and intelligent. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). A defendant must be made aware of the dangers and disadvantages of self-representation so that the record will establish the defendant made the choice with eyes open. Id. at 835, 95 S.Ct. at 2541. Florida Rule of Criminal Procedure 3.111(d), which incorporates the Faretta requirements, precludes acceptance of a waiver where a defendant is incapable of making an intelligent choice due to mental condition, age, education, experience, *487 the nature or complexity of the case, or other factors.
In the instant case, even if the trial court's cautionary statement was sufficient to alert the appellant to the dangers and disadvantages of self-representation, the record does not affirmatively indicate, as it must, that the trial court considered appellant's mental condition, age, education or any other factor bearing upon his capacity to choose self-representation. It is understandable that the trial court may have deemed such an inquiry unnecessary in light of appellant's solvency. However, a defendant's solvent status does not obviate the need for a thorough Faretta inquiry to ascertain that the defendant opting for self-representation is capable of making an intelligent choice. See Stermer v. State, 609 So.2d 80 (Fla. 5th DCA 1992); Cooper v. State, 576 So.2d 1379 (Fla. 2d DCA 1991). Accordingly, we have no choice but to reverse the appellant's conviction and remand the case for a new trial.[1]
REVERSED and REMANDED.
MINER, WEBSTER and MICKLE, JJ., concur.
NOTES
[1] The parties have not addressed what should be done in the event a solvent defendant fails a Faretta inquiry. We decline to take up the question, as it is not essential to the instant controversy, and any pronouncement at this time would constitute gratis dictum. See Brevard County Bd. of Comm'rs v. State, 516 So.2d 968, 970 (Fla. 5th DCA 1987).