645 So.2d 502 (1994)
Michael A. MOMENT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2813.
District Court of Appeal of Florida, Fourth District.
October 12, 1994.
*503 Michael A. Moment, Raiford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our prior opinion and substitute the following in its place.
Appellant, Michael Moment, appeals the trial court's order denying his motion to vacate restitution. In his motion, Moment challenged the legality of the order, alleging that there was no evidence to support the $12,800 restitution payment that had been imposed upon him by the trial court.
The record reflects that at sentencing the trial court reserved ruling on the amount of restitution. No reference was made to restitution in the sentencing judgment. There is no notice of any hearing on restitution. Instead, restitution was raised at a hearing on appellant's pro se motion for postconviction relief filed about a month after his sentencing. Appellant was not represented by counsel at that hearing. Although the issue was not before the court, the prosecutor mentioned that she had received a phone call from the victim who was in Aruba, telling her that his damages were $12,800. The defendant objected, noting that he did not know anything about the case. No evidence was presented. After considering the motion for postconviction relief, the trial court simply stated at the end of the hearing that it was imposing $12,800 in restitution.
The order of restitution and the proceedings to obtain it are defective in all respects. First, no notice was given to the appellant of the hearing. See Burch v. State, 617 So.2d 846, 847 (Fla. 4th DCA 1993). No evidence was presented on the issues. Nothing in the transcript of the hearing where restitution was imposed reveals that the trial court considered the matters required in section 775.089(6), Florida Statutes (1991). As restitution is part of sentencing, appellant was deprived of his right to counsel because the trial court proceeded without appellant having counsel present.[1]See Fla.R.Crim.P. 3.111. Finally, the judge did not inform appellant of his right to appeal. See Fla. R.Crim.P. 3.670.
The state argues that all of these defects could have and should have been raised in a direct appeal from the order of restitution, which appellant did not file. However, because this case is so fundamentally and thoroughly flawed in its most basic constitutional guarantees of due process and right to counsel, we consider this an exceptional case and treat this as a petition for a belated appeal of the restitution order, which we grant.
We reverse the order of restitution and remand for a new hearing upon proper notice to appellant and direct that counsel be appointed to represent him in connection with the hearing.
GLICKSTEIN, WARNER, JJ., and HARRY LEE ANSTEAD, Associate Judge, concur.
NOTES
[1] Appellant's trial counsel was present but said he was just there because he was the attorney in connection with the original plea. It was clear that he was not representing appellant in connection with the proceedings on the postconviction relief motion. Counsel advocated to the court that the claims of ineffectiveness of counsel were not supported by the facts and noted that if the trial court were to grant the motion, the court would have to appoint new counsel for appellant.