736 So.2d 1270 (1999)
Hoyt PATTERSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-4215.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Alan H. Schreiber, Public Defender, and Debra A. Bookout, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.

EN BANC
WARNER, C.J.
Petitioner seeks a belated appeal, alleging that the trial court failed to advise him of his right to appeal the denial of his rule 3.850 motion. We grant the petition, holding that Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995), applies to the facts of the instant case.
Petitioner was originally convicted, pursuant to a plea, and sentenced in 1990 for possession of cocaine. Within two years of his conviction, he filed a motion for postconviction relief asserting ineffective assistance of counsel based upon his counsel's failure to raise our case of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.1992), which held that where law enforcement manufactured the cocaine used in a reverse sting operation, a conviction based upon illegally manufactured cocaine was a violation of due process requiring reversal of the conviction. In its response to appellant's motion, the state argued that Kelly was not a fundamental change in the law and could not be applied retroactively. The trial court denied the motion without a hearing, and failed to advise the appellant that he had thirty days in which to file an appeal of the order.
Subsequently, in State v. Williams, 623 So.2d 462, 465-66 (Fla.1993), the supreme court determined that the illegal manufacture of cocaine used in a reverse sting operation constituted government misconduct which the courts could not countenance, and which was so outrageous so as to require the court to bar the defendant's prosecution. Further, our court has applied Kelly in a Rule 3.850 hearing, finding *1271 that it can be employed to grant relief retroactively. See, e.g., Phillips v. State, 623 So.2d 621, 622 (Fla. 4th DCA 1993). Thus, it appears that had appellant been advised that he could file a notice of appeal from the summary denial of his motion for postconviction relief, he would have had a viable argument for reversal for an evidentiary hearing on the issue.
A wrinkle in the granting of this petition is the length of time it has taken to get this issue before us. Florida Rule of Appellate Procedure 9.140(j)(3)(B) mandates that petitions for belated appeals must be filed within two years after the expiration of time for filing a notice of appeal from a final order. That rule was effective as of January 1, 1997. However, Rule 9.140(j)(3)(C) provides that "[t]ime periods under this subdivision shall not begin to run prior to the effective date of this rule." Thus, even though the trial court's denial of petitioner's motion for postconviction relief was filed in 1992, under the Rule, the petitioner had until December 31, 1998, to file the petition, and his December 10, 1998 filing was therefore timely.
The state contends, nevertheless, that laches bars this petition for relief. However, the state fails to allege any specific prejudice if the petition were granted. In Nava, 652 So.2d at 1265, decided prior to the adoption of Rule 9.140(j), we held that in the absence of any specific time limitation in which a petitioner may seek a belated appeal, the state must demonstrate specific prejudice in order to show that laches should bar the appeal. Nava also involved the failure of the trial court to advise the defendant of his right to appeal. See id.; see also Fla. R.Crim. P. 3.850(g). Thus, if we follow Nava, we should grant the petition.
The complication of a simple application of Nava to this case is that in a prior opinion of this court we cited McCray v. State, 699 So.2d 1366 (Fla.1997), as authority for denying a petition for belated appeal. See Wing v. State, 704 So.2d 1154, 1155 (Fla. 4th DCA), rev. dismissed, 717 So.2d 542 (Fla.1998). In McCray, the petitioner had filed a petition for writ of habeas corpus based on ineffective assistance of appellate counsel, not for a belated appeal. The petition predated the rule change which allowed appellants only two years from the determination of the appeal to file a petition alleging ineffective assistance of counsel. The court announced the following rule on laches:
To remedy this abuse, we conclude, as a matter of law, that any petition for a writ of habeas corpus claiming ineffective assistance of appellate counsel is presumed to be the result of an unreasonable delay and to prejudice the state if the petition has been filed more than five years from the date the petitioner's conviction became final. We further conclude that this initial presumption may be overcome only if the petitioner alleges under oath, with a specific factual basis, that the petitioner was affirmatively misled about the results of the appeal by counsel.
McCray, 699 So.2d at 1368 (emphasis supplied). McCray said nothing about belated appeals, and its holding could not apply to them because a petitioner could never allege under oath how he was affirmatively misled about the results of an appeal which was never filed. Moreover, petitioner could not allege that counsel misled him when no counsel represented him during the Rule 3.850 proceedings.
Thus, we hold that McCray does not apply to petitions for belated appeals, and to the extent that Wing conflicts with this holding, we recede from it and follow Nava in this case. We would note, however, that Wing involved a petition from a 1972 conviction, a delay substantially longer than the delay in the instant case.
We would also point out that our decision today is of very limited application, because the two-year window created by Rule 9.140(j)(3)(C) has already closed, so that no petition for a belated appeal from *1272 an order entered earlier than January 1, 1997, can be entertained unless it was filed prior to December 31, 1998, or the petitioner can establish relief from the two-year period under Rule 9.140(j)(3).
The petition is granted.
DELL, GUNTHER, STONE, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, and HAZOURI, JJ., concur.