785 So.2d 1254 (2001)
William H. COYLE, Petitioner,
v.
CITY OF FORT LAUDERDALE, Respondent.
No. 4D00-4744.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
William H. Coyle, Fort Lauderdale, pro se.
Dina Athanasopoulos, Assistant City Attorney, Fort Lauderdale, for respondent.
PER CURIAM.
William Coyle seeks review of a circuit court order that denied his request for belated review of a 1996 county court conviction. We find evidence to support the Commissioner's findings, and deny relief.
In December 1996, William Coyle was found guilty of trespass. In November 1998, and the beginning of 1999, Coyle filed motions in the county court seeking a *1255 new trial and to set aside his conviction. The county court denied those motions in March 1999.
On February 5, 1999, Coyle filed a "Motion for Leave to Proceed to Appeals Court." The records provided to this court do not include an order disposing of that motion.
Coyle sought review in the circuit court of the March 1999 order, and also filed a petition for belated appeal. The trial court denied relief. Coyle sought review in this court.
Our concern arose from Coyle's allegation that "no notice of right to appeal" was provided by the county court. See Fla. R.Crim. P. 3.670. There is no dispute that Coyle was seeking relief beyond the two-year period as set forth in Florida Rule of Appellate Procedure 9.141(c)(4).[1] Rule 9.141(c)(4) provides as follows:
(A) A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner
(i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(ii) should not have ascertained such facts by the exercise of reasonable diligence.
The rule provides that the two-year time period shall not begin to run prior to January 1, 1997. See Fla. R.App. P. 9.141(c)(4)(C). The committee notes to the former rule 9.140(j)(3) state that such language was to ensure that defendants convicted "before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule unless the time has already commenced to run under rule 3.850." See Patterson v. State, 736 So.2d 1270 (Fla. 4th DCA 1999)(en banc).
In Patterson, we permitted belated review of a 1992 order denying post-conviction relief wherein the defendant was not advised of his right to appeal. See Fla. R.Crim. P. 3.850(g). The defendant's petition was timely filed under rule 9.141. We declined to engage in a laches analysis because of the adoption of rule 9.141, and its specific time limitation. Compare Nava v. State, 652 So.2d 1264 (Fla. 4th DCA 1995)(permitting belated review of 1989 order where State failed to prove laches and specific prejudice to bar delayed belated review).
We recognized in Patterson that our decision was of very limited application as the two-year window created by rule 9.141 had already closed. Hence, no petition for a belated appeal from an order entered earlier than January 1, 1997, could be entertained unless it was filed prior to December 31, 1998, or unless the petitioner could establish relief from the two-year period.
Since Coyle's petition was filed after December 1998, we remanded Coyle's case to the circuit court for fact finding with respect to the "reasonable diligence" component of Florida Rule of Appellate Procedure 9.140(j)(3). See Coyle v. Walker, 767 So.2d 607 (Fla. 4th DCA 2000). After considering the Commissioner's report, the circuit court concluded that Coyle "with the exercise of reasonable diligence could have ascertained his appellate rights." We now deny relief as the transcript of the Commissioner's hearing supports that finding.
STEVENSON and HAZOURI, JJ., concur.
FARMER, J., dissents with opinion.
*1256 FARMER, J., dissenting.
We have in hand a petition for writ of certiorari to review a decision of the circuit court functioning as an appellate court. The order denied a belated appeal from a misdemeanor conviction in the county court. Originally the circuit court had dismissed the petition as facially inadequate to warrant relief. We reversed and remanded with instructions that the circuit court appoint a commissioner to make factual findings regarding "reasonable diligence." Coyle v. Walker, 767 So.2d 607 (Fla. 4th DCA 2000). A commissioner was appointed, and later he filed a report. After considering the report, the circuit court concluded that "the defendant with the exercise of reasonable diligence could have ascertained his appellate rights" and thereupon denied relief. I think the court erred.
When we faced review earlier in this case, we did not address the matter of our jurisdiction; perhaps we should now spend a moment to do so. Petitioner was convicted in the county court. He sought relief from the conviction in the circuit court. See Fla. R.App. P. 9.030(c)(1)(A) (circuit court shall review by appeal final orders of county courts). The circuit court initially denied relief on the question of a belated appeal. At that point petitioner filed for certiorari review in our court. Without discussing our very limited jurisdiction, we remanded the case back to the circuit court, directing that court to appoint a commissioner and thereafter to "grant appropriate relief." 767 So.2d at 607. It was proper that we aim our directions at the circuit court to appoint a commissioner and to make an original application of law to those facts because the jurisdiction of the circuit court was that of an appellate court considering a petition for belated appeal. See Fla. R.App. P. 9.141(c)(2) (petition for belated appeal shall be filed in appellate court to which appeal was or should have been taken). Our review of this decision is by common law certiorari. See Fla. R.App. P. 9.030(b)(2)(B) (district courts of appeal have certiorari jurisdiction to review final decisions of circuit court acting in their appellate capacity).
Acting on our directions, the circuit court appointed the commissioner to receive evidence. When we confront petitions seeking belated appeals presenting factual questions, we often appoint the circuit court to act as a commissioner on our behalf because we are simply unsuited to conducting evidentiary hearings. But the circuit courts conduct such hearings as a way of life. It was thus probably misguided for us to direct the circuit court acting in its appellate capacity to appoint a commissioner to do something it does all the time. In any case, because the circuit court was acting as a court of first instance on the question of a belated appeal, I think it is arguable that our review could be by ordinary appeal.[2]
But even if we properly have only common law certiorari jurisdiction to review a decision of the circuit court truly made in its appellate capacity, I still think review would be proper in this case. I recognize that such review would be discretionary, *1257 rather than as a matter of right, and is granted only in exceptional circumstances. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000) (holding that review by common law certiorari in district courts of appeal is limited to circuit court decisions constituting denial of procedural due process, application of incorrect law or miscarriage of justice); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995) (holding that in considering common law certiorari district courts of appeal should be primarily concerned with seriousness of error, not mere existence of error, and should exercise certiorari discretion only when there has been violation of clearly established principles of law resulting in miscarriage of justice); Combs v. State, 436 So.2d 93 (Fla.1983) (holding that district courts of appeal should exercise certiorari jurisdiction to review erroneous decision of circuit court only when "there has been a violation of clearly established principles of law resulting in a miscarriage of justice"). Indeed Combs itself implies that this discretionary certiorari jurisdiction should be granted to review circuit court decisions having the effect of denying appellate review in criminal cases. See also Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla.1966) (holding that district courts of appeal have jurisdiction to review by common law certiorari decision of circuit court upholding county court conviction obtained in violation of constitution). Because the decision of the circuit court operates to deny a convicted defendant the right of appellate review, I think discretion should be exercised to grant exceptional review in this court.
Turning to the merits, the right to seek a belated appeal from a criminal conviction is a form of post conviction relief governed by rules adopted by the supreme court. Rule 9.141(c)(4)(A)[3] regulates the time for seeking such relief and provides:
"A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner (i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and (ii) should not have ascertained such facts by the exercise of reasonable diligence."
Petitioner alleged that he was not advised of the right to appeal,[4] so only that alternative is applicable. In the evidentiary hearing, the City conceded that:
"[T]he City is not disagreeing ... since we cannot find half of the record and we cannot prove to the Court that [the County Court Judge] did advise Mr. Coyle of the right to appeal. And on top of that it was not written on the disposition sheet. We're not contesting that."
In entering the final order we now have, the circuit court simply quoted from the Commissioner's finding that "there is no reason to believe that [petitioner] should not have ascertained the facts and procedures regarding his right to appeal." I think the circuit judge was under a mistaken *1258 impression as to the legal requirements of rule 9.141(c)(4)(A).
Rule 9.141(c)(4)(A)(i) sets forth alternative grounds for seeking belated review. The first is that the defendant is "unaware that an appeal had not been timely filed," and the second is that the defendant "was not advised of the right to an appeal." If a defendant does not seek relief within the 2 year period, subdivision (ii) also requires a defendant to show also that he could not have ascertained "such facts" by using "reasonable diligence." The operative term, "such facts," refers to those facts relating to the two alternative grounds set forth in rule 9.141(c)(4)(A)(i)i.e., whether defendant was unaware that his lawyer failed to timely file a notice of appeal, or that the judge failed to advise of him his right to appeal. In this case that means that petitioner had to show reasonable diligence in ascertaining the fact that the trial judge did not advise him of his right of appeal.
I pause to note that of the two alternative factual grounds, the failure of a lawyer to file a timely notice of appeal is especially susceptible to the requirement of diligence. If a defendant had instructed his trial lawyer to file an appeal, he should be aware of the matter and use some industriousness to follow up as to the progress. Did the defendant ask his lawyer if the paper for appeal had been filed? If he did not hear from his lawyer, how long did he wait to look into the matter? After he learned that the paper was not filed, how long did he wait to seek relief? Did he have a reason for any delay? And so on.
When, however, the factual ground for a belated appeal is the failure of the trial judge to advise of the right to appeal, the meaning of the diligence requirement is less clear. It would seem that there are really only two factual possibilities. One is that the defendant, who was obviously present for sentencing, actually knows whether the judge advised him of appellate rights. The other is that a defendant may not really recall whether the judge orally pronounced the requisite advice. In this circumstance a defendant would have to consult the record of the sentencing and perhaps review a transcript. If consulting the record is the issue, the diligence requirement becomes a little clearer. How long did he wait to check the transcript and why?
But as to the instance where a defendant knows that the judge did not advise of appellate rights, it is difficult to perceive how the diligence requirement is supposed to play out. What is it that he should be diligent about, other than perhaps the amount of delay in filing beyond the two year requirement? The diligence requirement of the rule is explicitly tied to "facts," and thus whatever we do with this text it should be limited to applications of a standard of diligence with regard to facts rather than to law or legal understandings. Here the circuit judge seems to have interpreted the requirement so as to assess defendant's assiduity in determining the legal requirements for an appeal: how, when and where does one do an appeal? If defendant was originally late in filing for an appeal, can an appeal be sought later? And how much later?
The commissioner extensively questioned petitioner as to what petitioner did to learn and act upon a right of appeal. The commissioner elicited the following:
 that petitioner has no idea why the county judge did not tell him of his appellate rights, but that he is certain that he did not do so,
 that petitioner had a ninth grade education,
 that petitioner had physical and mental problems during the period after *1259 his conviction that prevented him from doing anything about his conviction,
 that petitioner is "on disability" and "suffers from "a handicap,""
 that petitioner previously worked in "security" for Wells Fargo,
 that petitioner had no assistance of counsel,
 that petitioner used a form he found on the ground in front of the courthouse for one of the papers he filed during the course of his criminal case before trial,
 that petitioner spent several hours in the courthouse library reading books, including one that had something to do with the "Florida rules,"
 that petitioner did not learn about ordering a transcript until approximately 20 months after the judgment of conviction was entered,
 that petitioner learned about ordering a transcript from talking to the clerks in the courthouse,
 that petitioner personally filled out all the papers he has filed, and
 that nearly 18 months after petitioner's conviction he personally filed a civil suit against the complaining party in his conviction, which he has since handled himself in some unknown way and to some unknown effect.
It is on the basis of this testimony that the circuit court decided that factually "there is no reason to believe that [petitioner] should not have ascertained the facts and procedures regarding his right to appeal."
I simply cannot agree with this analysis. When an unrepresented defendant is not told by the judge about his right to appeal a conviction, I do not believe that the diligence requirement in the rules of procedure has much to do with how much application he shows in learning the law of appellate procedure. In my opinion, there is a simpler meaning to this provision. When a belated appeal is sought on the basis of a failure of the trial judge to advise an unrepresented defendant of appellate rights, the only diligence required is in ascertaining any "facts" that relate to that ground, not in ascertaining the legal arcana relating to appellate practice. Because there is no dispute that petitioner was not told of his appellate rights, and he was thenand is nowwithout counsel, I think any doubts about how diligent he was in seeking an appeal should be resolved in his favor as a matter of law. When viewed in that light, he has established a prima facie case for a belated appeal under rule 9.141(c)(4)(A)(ii). See Robinson v. Wainwright, 245 So.2d 867 (Fla.1971).
The issue is whether the evidence as resolved in favor of the City establishes as a matter of law that petitioner's request for a belated appeal is not too stale. The final judgment on his conviction was entered December 31, 1996; thus his time to appeal expired on January 31, 1997. Under the provisions of rule 9.141(c)(4)(A), petitioner had to file a petition for belated appeal within 2 years of January 31, 1997, or be reasonably diligent in filing it later. He filed his first attempt to appeal on March 16, 1999, in the county court.[5] I stress that his papers were prepared and filed without counsel, and are roughly drawn without legal finesse. I also recognize that technically he filed his paper in the wrong court, but I would not treat that as having any significance. Being in the wrong church on Sunday is not quite so "undiligent" as being in no church at all.
Any diligence inquiry should be made with a healthy appreciation of just how close he was to complying with the basic time requirement for rule 9.141(c)(4)(A) *1260 relief. His earliest attempt at an appeal was just over the 2 year wiresome 40 days late. Actually it followed by just 10 days the trial court's initial ruling on his initial attempts at post conviction relief, which was an order entered March 5, 1999, denying his motion to vacate sentence and his separate motion for a new trial. Coming as it did so soon after the trial court's denial of his first attempts to have his conviction set asideattempts which were themselves well within the 2 year window for ordinary post conviction reliefI cannot say as a matter of law that his first attempt at a belated appeal was the procrastinating attempt of person who was not reasonably diligent.
We should remember that we are here dealing with a man of modest education who was acting at all times without the assistance of counsel. Equally important, we must not lose sight of the fact that it is the failure of the trial judge to advise him of the right to appeal that sets the stage for his failure to appeal timely. It seems most unjust for the State of Florida to fail to tell him about his appellate rights and then fault him as lacking in diligence because, when he finally figures out that maybe he should ask for a late appeal, he is just outside a time requirement he was never told about. The focus of the circuit court on how long it took him to become sufficiently knowledgeable about how and when to ask for an appeal strikes me as legally bizarre and not within the rule's meaning as to the diligence requirement.
Diligence under rule 9.141(c)(4)(A) could quite reasonably be compared to laches, a concept that we routinely apply to petitions seeking habeas corpus relief for ineffective assistance of appellate counsel. After all, in effect he is complaining of appellate rights rendered ineffective because the trial judge never told him about them. We have countenanced far longer times in failing to seek relief that is functionally indistinguishable from that sought by petitioner in this case. See Patterson v. State, 736 So.2d 1270 (Fla. 4th DCA 1999) (6 years delay in filing for relief from failure of trial judge to advise of right of appeal from order denying post conviction relief not unreasonably prejudicial to state). In deciding the legal standard of reasonable diligence under rule 9.141(c)(4)(A) I would continue to follow a analysis similar to that employed in Patterson and focus on whether petitioner's progress toward the ultimate filing was objectively reasonable for someone in his circumstance and on whether the state has suffered any real prejudice from the interval of time between the deadline and the filing.
Here the City's only attempt to show prejudice is in the absence of a complete trial transcript. The evidence shows, however, that he first requested a transcript approximately 20 months after his conviction and only a partial transcript was obtainable. Consequently, if he had then filed for a belated appeal, he would have been within the 2 year requirement of the rule but the City would have been just as "prejudiced" even though he would nevertheless have been clearly entitled to the appeal. Hence the fact that he actually filed only 40 days beyond the deadline contributes absolutely nothing in the way of prejudice to the City that it did not already face.
I cannot see how it would irreparably alter the jurisprudence of post conviction relief in Florida to give this man his appeal. I would do so.
NOTES
[1] The current rule is 9.141. At the time Coyle was convicted, the rule was 9.140(j)(3).
[2] This peculiar jurisdictional circumstance has an analogue. Often a prisoner will file a petition for habeas corpus in the circuit court, which denies relief. We receive appeals from such denials of habeas corpus relief in the circuit court. But sometimes prisoners then file a new petition for habeas relief in this court. See Fla. R.App. P. 9.100(a) and (b) (rule applies to petitions for habeas corpus; if petition seeks review of order entered by a lower tribunal parties not named as petitioner are respondents). Is the circuit court acting in its appellate capacity in denying habeas relief? Are we acting as an appellate court in considering original petitions for habeas relief?
[3] When the conviction was entered in 1996, the correct rule was 9.140(j)(3). In 2000 it was changed to the current version in rule 9.141.
[4] See Fla. R.Crim. P. 3.670 (upon imposition of sentence "the judge shall forthwith inform the defendant concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal." [e.s.]); see also Robinson v. Wainwright, 245 So.2d 867 (Fla.1971) (holding that failure to advise of right of appeal entitles defendant to belated appeal); Moment v. State, 645 So.2d 502 (Fla. 4th DCA 1994) (holding that order denying motion to vacate restitution order should be reversed where trial judge failed to inform defendant of right to appeal).
[5] I would treat his March 16, 1999, filing as de facto a petition for belated appeal.