868 So.2d 683 (2004)
Charles W. MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1762.
District Court of Appeal of Florida, Fifth District.
April 2, 2004.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
*684 SHARP, W., J.
Moore appeals from a restitution order imposed by the trial court after he had been convicted in a DUI case which involved serious injuries to Janice Finley and caused her husband's death. Although the criminal trial concluded in 1998, the restitution hearing did not take place until April 2003.
The state agrees with Moore that the restitution order must be reversed and the cause remanded for a new hearing because the trial court erred in failing to offer Moore assistance of counsel at the hearing.[1]See Moment v. State, 645 So.2d 502 (Fla. 4th DCA 1994).
REVERSED and REMANDED.
TORPY, J., concurs.
MONACO, J., concurs and concurs specially with opinion.
MONACO, J., concurring and concurring specially.
I fully concur in the majority decision remanding this cause for a new hearing because the trial court failed to offer the appellant the assistance of counsel at the restitution hearing. I write only because of my concern regarding the time it has taken for this restitution hearing to take place.
The Florida Supreme Court has indicated that while restitution must be imposed at the time of sentencing or within 60 days thereafter, the amount of restitution may be determined beyond the 60 day limit, but in a timely manner. State v. Sanderson, 625 So.2d 471, 473 (Fla.1993); see also L.O. v. State, 697 So.2d 1273 (Fla. 3d DCA 1997). The Sanderson court said that it assumed that the trial court would determine the amount "at the earliest possible date." Id. at 473.
In the present case the appellant was originally sentenced in 1998, at which time restitution was imposed, but the amount not set. Instead, the trial court reserved jurisdiction to consider this matter. The amount of restitution ($358,747.36), was not imposed until 2003. In the interim there has been a direct appeal[1], a Heggs[2] resentencing, and two 3.850 motions. I trust that the issue of timeliness will be thrashed out at the new hearing required by our opinion in this case.
NOTES
[1] At his 2001 resentencing hearing, Moore was represented by the Public Defender. Moore was declared indigent and the Public Defender was appointed to represent him in this appeal.
[1] See Moore v. State, 731 So.2d 678 (Fla. 5th DCA 1999).
[2] See Heggs v. State, 759 So.2d 620 (Fla.2000).