ROBERTS, J.
Because the trial court did not establish that the appellant waived counsel in a “knowing, intelligent, and voluntary” manner, we reverse and remand for a new restitution hearing.
The appellant was charged by information with one count of grand theft of over $100,000 from a McDonald’s restaurant. The appellant pled no contest and was sentenced to 10 years’ imprisonment to be followed by 20 years’ probation. The trial court ordered restitution but reserved jurisdiction to determine the amount.
After sentencing but before the restitution amount was determined, defense counsel filed a motion to withdraw. The trial court granted the motion. Subsequently, the appellant filed a pro se motion to modify her sentence. The appellant assumed responsibility for all restitution amounts and requested that the trial court adjust her sentence to allow her to pay her restitution.
The trial court held a hearing on the appellant’s motion to modify her sentence and to determine restitution. Although the appellant appeared pro se, the trial court did not offer assistance of counsel or conduct a Faretta inquiry. The appellant did not contest the restitution amount but argued that the trial court should consider her ability to pay as a mitigating circumstance. The trial court denied the appellant’s motion to modify her sentence and ordered restitution in the amount of $390,056.16.
The appellant argues that the trial court committed fundamental error by failing to offer assistance of counsel at the restitution hearing. This argument has merit. Once charged, a criminal defendant *79 is entitled to decide at each crucial state of the proceedings whether assistance of counsel is required. Traylor v. State, 596 So.2d 957, 968 (Fla.1992). At the commencement of each stage, the trial court must inform the unrepresented defendant of the right to counsel and the consequences of waiver. Id. If a defendant waives the right to counsel, such waiver must be knowing, intelligent, and voluntary. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); see Traylor, 596 So.2d at 968. To constitute a valid waiver, the record must affirmatively indicate that the defendant’s mental condition, age, education, and any other factor bearing on his capacity to choose self-representation was considered. Hadden v. State, 633 So.2d 486, 486-87 (Fla. 1st DCA 1994). Mere appearance before the trial court without counsel is insufficient to constitute a knowing, intelligent, and voluntary waiver. Williams v. State, 936 So.2d 663 (Fla. 4th DCA 2006) (finding that a defendant’s failure to request counsel at a subsequent hearing does not constitute a knowing waiver of his or her right to counsel).
If the right to counsel is waived, the waiver applies only to the present stage and must be renewed at each subsequent stage in the proceedings. Traylor, 596 So.2d at 968; see Tubwell v. State, 886 So.2d 433, 433 (Fla. 1st DCA 2004) (reversing for resentencing because the offer to provide appointed counsel was not renewed prior to the sentencing hearing); Moore v. State, 868 So.2d 683, 684 (Fla. 5th DCA 2004) (reversing and remanding because the trial court did not offer an indigent defendant assistance of counsel at a restitution hearing).
A restitution hearing is part of sentencing and requires the presence of counsel. Moment v. State, 645 So.2d 502, 503 (Fla. 4th DCA 1994). A defendant’s solvent status does not eliminate the need for a Faretta inquiry to ensure that the defendant choosing self-representation is capable of making an intelligent choice. Hadden, 633 So.2d at 487. The procedural rights of non-indigents “are at least coextensive with those of indigents.” Traylor, 596 So.2d at 970; see Morgano v. State, 439 So.2d 924, 925 (Fla. 2d DCA 1983) (holding that a trial court must advise a solvent defendant of the disadvantages of proceeding without representation to ensure a knowing, intelligent, and voluntary waiver of the right to counsel).
In the instant case, the appellant appeared pro se at the restitution hearing. The appellant was entitled to have counsel at the restitution hearing because restitution is considered part of sentencing and thus is a “crucial” stage in the proceedings. There is no indication from the record that the appellant waived her right to counsel. Assuming arguendo that the appellant had waived her right to counsel, the trial court was still obligated to offer assistance of counsel. See Tubwell, 886 So.2d at 433. Thus, the trial court committed fundamental error by failing to obtain a knowing, intelligent, and voluntary waiver.
Accordingly, we REVERSE and REMAND to the trial court for a new restitution hearing.
KAHN, J., concurs; THOMAS, J., concurring in result only.