THOMAS, J.,
concurring in result only.
I concur in result only because of our prior precedent in Hadden v. State, 633 So.2d 486 (Fla. 1st DCA 1994). In Hadden, this court reversed a conviction where the non-indigent defendant chose to represent himself rather than pay an attorney to represent him on what he considered to be false charges, and the trial court did not *80 conduct a Faretta hearing. This court did not cite any controlling authority necessitating reversal in Hadden. In my view, a non-indigent defendant may choose to waive the right to counsel without imposing an obligation on the trial court to conduct a Faretta hearing in order to determine whether -the decision was made knowingly and intelligently. In fact, courts commit error when requiring a hearing.
Here, Appellant made no claim that she was indigent, nor did she ask for the assistance of counsel. She was previously represented by privately-retained counsel throughout the plea and sentencing process. After sentencing, Appellant filed a pro se motion to dismiss her counsel, and her defense attorney filed a motion to withdraw. Appellant then filed a pro se motion to modify her sentence. She did not take issue with the amount of restitution owed, but asked the court to look at her ability to pay and to modify her sentence accordingly. The trial court denied the motion, and Appellant filed a pro se notice of appeal. In my view, she was not deprived of the right to counsel.
I would not hold that a trial court commits fundamental error where a defendant appears pro se at a restitution hearing, makes no claim of indigence, and agrees to pay restitution. I disagree with the majority’s reliance on Williams and would decline to follow it here. In my view, the trial court did not fundamentally err in failing to offer assistance of counsel at Appellant’s restitution hearing.